73 P.3d 610

**STATE of Arizona, Appellee,**

v.

**Daniel John SMYERS, Appellant.**

No. 1 CA–CR 02–0422.

Court of Appeals of Arizona, Division 1, Department D.

July 29, 2003.

Janet Napolitano, Former Attorney General, Terry Goddard, Attorney General By Randall M. Howe, Chief Counsel, Criminal Appeals Section and Ginger Jarvis, Assistant Attorney General, Phoenix, for Appellee.

James J. Haas, Maricopa County Public Defender By Stephen R. Collins, Deputy Public Defender, Phoenix, for Appellant.

## OPINION

EHRLICH, Judge.

¶ 1 Daniel John Smyers appeals his convictions for two counts of furnishing harmful items to a minor. ARIZ.REV.STAT. ("A.R.S.") § 13–3506 (2001). For reasons discussed below, we reverse his convictions and remand the case for further proceedings consistent with this opinion.

### FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 Eleven-year-old Desia[1] knew Smyers as a friend of her father and paternal grandmother, and so, with her grandmother, she visited Smyers at his house in March 2000. When Smyers and Desia were alone during that visit, Smyers took the opportunity to show the girl pictures on a computer screen of a man and a woman engaging in sexual intercourse.

¶ 3 The matter was reported to the police, to whom Smyers subsequently admitted that he had been alone with Desia. The officers found on Smyers' computers images consistent with Desia's descriptions of the pictures she had seen. Smyers was charged with two counts of furnishing harmful items to a minor.

¶ 4 At a pre-trial hearing, the prosecutor asked the court to decide pursuant to Arizona Rule of Evidence ("Rule") 609 that, should Smyers testify, he could be impeached with a 1996 conviction for attempted child

---

1. We use only the victim's first name to protect her privacy.

abuse, a class 3 felony, in connection with the death from starvation of his six-month-old son. Smyers responded that the conviction was not probative of the charged offense but that, if the conviction were admitted, it either should be "sanitized" to indicate only the fact of a prior conviction or the full nature of the offense should be told the jury. The court compromised:

> ... Since essentially the evidence may be a credibility battle between whether the jury believes the young child or Mr. Smyers, his credibility is central to a determination of this matter.

> So if Mr. Smyers chooses to testify, I will allow him to be impeached with the fact that he has this prior felony conviction. I am not sanitizing it. So the name of the offense, the Court, the date, and whether he was assisted by counsel, all of that will be allowable. The class of the felony will not be allowed to be discussed, nor will the facts of the offense. We are not going to talk about ... what he did to the other child, the starving or whatever. The fact that there was a jury trial or a plea and the facts of those cases I find under [Rule] 403 are unfairly prejudicial, and the prejudice outweighs the probative value. So we won't talk about the facts of that particular incident.

¶ 5 Smyers chose not to testify. He was convicted as charged and appealed.

## DISCUSSION

¶ 6 Desia recounted how Smyers had kissed her on the lips, tried to "French kiss" her by sticking his tongue in her mouth, and hugged her by placing his hands on her "butt" and pulling her against his body. Rule 404(b) prohibits the admission of evidence of "other crimes, wrongs, or acts" to prove a person's character, but it permits the admission of such evidence "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Smyers argues that the trial court erred by admitting evidence of his "other bad acts" towards Desia. Our standard of review is whether the court abused its discretion. *State v. Roscoe,* 184 Ariz. 484, 491, 910 P.2d 635, 642,

*cert. denied,* 519 U.S. 854, 117 S.Ct. 150, 136 L.Ed.2d 96 (1996).

¶ 7 At the outset, the prosecutor must establish by clear and convincing evidence that the defendant committed the prior act(s). *State v. Prion,* 203 Ariz. 157, 163 ¶ 37, 52 P.3d 189, 195 (2002); *State v. Terrazas,* 189 Ariz. 580, 582–84, 944 P.2d 1194, 1196–98 (1997); *State v. Mills,* 196 Ariz. 269, 274–75 ¶ 24, 995 P.2d 705, 710–11 (App.1999). Then, the trial court must find the evidence of the other acts to be not only for a proper purpose but logically or legally relevant. *Mills,* 196 Ariz. at 274 ¶ 24, 995 P.2d at 710. In addition, it must determine that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. ARIZ. R. EVID. 403.

¶ 8 The trial court found Desia's testimony about Smyers' approaches to be sufficiently clear and convincing evidence. It ruled that the incidents were probative, citing Rules 401 and 402, and that the probative value outweighed the danger of unfair prejudice, citing Rule 403. The court then offered to and later did give a limiting instruction to the jury consistent with Rule 404(b). We find no abuse of its discretion in the admission of these acts of Smyers against Desia.

¶ 9 We did, however, order the parties to file supplemental briefs to address a second issue: whether the trial court committed reversible error in its admission of Smyers' prior conviction. *See State v. Curry,* 187 Ariz. 623, 627, 931 P.2d 1133, 1137 (App.1996)(holding that an appellate court that notices the possibility of fundamental error in a criminal case may raise the issue on its own and order the parties to submit supplemental briefs addressing the issue).

¶ 10 When reviewing a ruling on the admissibility of a prior conviction, this court will reverse the trial court's determination if the court abused its discretion, *State v. Bolton,* 182 Ariz. 290, 303, 896 P.2d 830, 843 (1995); *State v. White,* 160 Ariz. 24, 30, 770 P.2d 328, 334 (1989), or if it committed an error of law. *Larsen v. Decker,* 196 Ariz. 239, 241 ¶ 6, 995 P.2d 281, 283 (App.2000). We consider now whether the trial court erred

either by refusing to correctly sanitize Smyers' prior conviction or by not allowing Smyers the opportunity to divulge to the jury the nature of that conviction.

¶11 It has been settled by the United States Supreme Court that a defendant's decision not to testify at trial serves to waive his right to challenge on appeal the trial court's ruling on the admissibility of his prior conviction. *Luce v. United States*, 469 U.S. 38, 43, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984)("We hold that to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify."); *see State v. Lee*, 189 Ariz. 608, 617, 944 P.2d 1222, 1231 (1997), *cert. denied*, 523 U.S. 1007, 118 S.Ct. 1192, 140 L.Ed.2d 321 (1998); *White*, 160 Ariz. at 30, 770 P.2d at 334; *State v. Correll*, 148 Ariz. 468, 475, 715 P.2d 721, 728 (1986); *State v. Allie*, 147 Ariz. 320, 327, 710 P.2d 430, 437 (1985). But the issue with which we are confronted is one preliminary—and critical—to a defendant's informed decision whether to testify: Does a trial court's error with regard to the terms of the admissibility of the defendant's prior conviction for the purpose of impeaching the defendant taint the defendant's decision about testifying such that the decision cannot be found to have been a reasoned and knowing one?

¶12 A defendant may be impeached with a prior conviction for "the purpose of attacking [his] credibility" according to Rule 609(a) "if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect."[2] To the extent that the prior conviction is akin to the charged offense, the potential for prejudice is stronger because the "similarity to the charged offense may lead to the unfair inference that if defendant 'did it before he probably did so this time.'" *Bolton*, 182 Ariz. at 303, 896 P.2d at 843 (quoting *Gordon v. United States*, 383 F.2d 936, 940 (D.C.Cir. 1967), *cert. denied*, 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968)). *See State v. Beasley*, 205 Ariz. 334, 338, ¶19, 70 P.3d 463,

467(App.2003)(citing Joseph M. Livermore, Robert Bartels & Anne Holt Hameroff, Law of Evidence § 609.1 (4th ed.2000); Carl McGowan, *Impeachment of Criminal Defendants by Prior Convictions*, 1970 Law & Soc. Order 1); *State v. Brunson*, 132 N.J. 377, 625 A.2d 1085, 1090 (1993)(citing James H. Gold, *Sanitizing Prior Conviction Impeachment Evidence to Reduce Its Prejudicial Effects*, 27 Ariz. L.Rev. 691, 692 (1985)). Thus, "a trial court should sparingly admit evidence of prior convictions when the prior convictions are similar to the charged offense; or in appropriate cases, the trial court may reduce the risk of prejudice by admitting the fact of a prior conviction without disclosing the nature of the crime." *Bolton*, 182 Ariz. at 303, 896 P.2d at 843; *see also White*, 160 Ariz. at 31, 770 P.2d at 335. The procedure often dubbed "sanitization" "allows the jury to use evidence of such convictions to assess credibility; however, exclusion of any evidence describing the specific offense reduces the risk of impermissible use by the jury." *Brunson*, 625 A.2d at 1090.

¶13 In *Brunson*, the charges against the defendant included possession of a controlled dangerous substance and possession of a controlled dangerous substance with intent to distribute. *Id.* at 1087. Before trial, the prosecutor said that, should the defendant testify, the prosecutor intended to impeach his testimony with the defendant's pleas of guilty to possession of a controlled dangerous substance, possession of a controlled dangerous substance with intent to distribute and theft. Over the defendant's objection, the court ruled that the prior convictions would be admissible for the purpose of impeachment, and the defendant chose not to testify. He was found guilty as charged, and, on appeal, he argued that the court had erred by not sanitizing his prior convictions. The New Jersey Supreme Court held:

[I]n those cases in which a testifying defendant previously has been convicted of a crime that is the same or similar to the offense charged, the State may introduce evidence of the defendant's prior conviction

---

**2.** Additionally, the crime must have been one "punishable by death or imprisonment in excess of one year under the law under which the witness was convicted" as was true of Smyers' prior conviction or one that "involved dishonesty or false statement, regardless of the punishment." Ariz. R. Evid. 609(a).

limited to the degree of the crime and the date of the offense but excluding any evidence of the specific crime of which defendant was convicted. That method of impeachment will insure that a prior offender does not appear to the jury as a citizen of unassailable veracity and simultaneously will protect a defendant against the risk of impermissible use by the jury of prior-conviction evidence.

*Id.* at 1092.

¶ 14 The trial court ruled that it would allow Smyers to be impeached with his prior conviction. Refusing to sanitize the conviction, the court allowed the jury to be told "the name of the offense" as well as "the Court, the date, and whether he was assisted by counsel," but it would not allow the jury to be told the class of the felony or "the facts of the offense," finding that to permit mention of the circumstances surrounding the conviction would be "unfairly prejudicial" and that "the prejudice outweighed the probative value."

¶ 15 The trial court's conditional admission of Smyers' prior conviction constituted error in several respects. First, the court confused the standard of Rules 403 and 404 and that of Rule 609(a). Second, admitting the prior felony conviction in evidence but neither sanitizing the offense nor allowing the nature of the conviction to be adduced added to the prejudice inherent in the admission in evidence of a prior conviction. Third, the court did not recognize the importance of the defendant's argument with regard to the disclosure of the nature of the prior conviction.

¶ 16 The trial court said of Smyers' prior conviction that the facts "under 403 are unfairly prejudicial and the prejudice outweighs the probative value. So we won't talk about the facts of that particular incident." It thereby confused Rules 403 and 404 with Rule 609. As this court recently wrote:

Rule 609(a) allows the impeachment of a testifying defendant with a prior conviction if the trial court determines "the probative value of admitting this evidence outweighs its prejudicial effect." In contrast, Rule 403 allows the trial court to exclude evidence if "its probative value is *substantial-*

*ly* outweighed by the danger of *unfair* prejudice." Thus, under Rule 609, the defendant is not required to demonstrate that the prejudice of the impeachment is "unfair" or that the prejudice of the impeachment "substantially" outweighs its probative value.

*Beasley,* 205 Ariz. at 339 ¶ 21, 70 P.3d at 468.

¶ 17 Next, by telling the jury the name of the offense but not its context, the jury was allowed to speculate about possible similarities between the conviction and the charges. This served only to increase the prejudice to Smyers.

¶ 18 In *United States v. Jimenez,* 214 F.3d 1095 (9th Cir.2000), Jimenez was charged with possession of a firearm by a felon, and the prosecutor sought to impeach him with a prior conviction for assault with a deadly weapon. When Jimenez testified, the district court admitted in evidence his prior conviction but instructed the prosecutor to refer to the prior conviction as "a felony involving a firearm." The court of appeals held that this ruling "exacerbated [the prejudice] by gratuitously informing the jury that the 'deadly weapon' involved in the defendant's prior conviction was, indeed, a firearm." *Id.* at 1096.

¶ 19 The trial court's ruling regarding Smyers' prior conviction similarly "exacerbated" the prejudice to Smyers. The jury, upon hearing only that Smyers had a prior conviction for attempted child abuse, could well have speculated that the earlier abuse involved sexual misconduct. This makes it altogether possible that Smyers could have been convicted of furnishing harmful materials to a child at least in part on the improper basis that, if he committed a sexual offense against a child "before he probably did so this time." *Bolton,* 182 Ariz. at 303, 896 P.2d at 843 (quoting *Gordon,* 383 F.2d at 940). Certainly Smyers believed as he argued to the trial court that, with no opportunity to explain how the prior conviction differed from the present charges, he would have been in a better position had the court not limited the evidence.

¶ 20 Indeed, the decision whether to have the prior conviction sanitized is to a signifi-

cant degree that of the defendant. As the court wrote in *Brunson*, ·

> [a] defendant wary of jury speculation about the unspecified offense may introduce evidence of the nature of the prior conviction. Sanitization of prior-conviction evidence of similar crimes merely limits the scope of the prosecution's cross-examination of a defendant to the date, degree, and number of similar prior convictions. A defendant may choose to waive the protection afforded by that limitation.

625 A.2d at 1092–93. After all, the cleansing purpose of a sanitization of the defendant's prior conviction is to protect the defendant from undue prejudice. Should the defendant instead consider the disclosure of the nature of the offense to be less prejudicial to him, it is his protection that is being foresworn as he chooses.

■ ¶ 21 This does not mean that there is no limit to the extent of the revelation of the circumstances surrounding the prior conviction. The disclosure should not reach collateral matters or serve to retry the conviction, but should be limited in the trial court's discretion to the nature of the offense of which the defendant was convicted as described, for example, in the document charging the offense or in the verdict. As the court said in *United States v. Harding,*

> The prosecutor may use a prior conviction to impeach a witness. Whether the witness be the defendant or a third party, the scope of the examination is strictly limited in order to avoid the confusion which may attend the trial of collateral issues, and also to avoid unfairness to the witness. The rule that it is error to inquire about the details of prior criminal conduct is so well established that such error is cognizable despite the absence of any objection by defense counsel.

525 F.2d 84, 88–89 (7th Cir.1975)(footnote and citations omitted).

¶ 22 The basis on which Smyers made his decision thus was critically flawed. The Court in *Luce* necessarily presumed that, in deciding whether to testify, the defendant would be acting upon proper guidance from the trial court regarding the use of the defendant's prior conviction to impeach his testimony. If, however, the trial court's ruling is erroneous, the defendant cannot make an informed and reasoned decision concerning the consequences for him of the application of *Luce*. If, as a result, the defendant is prejudiced, as was Smyers, the trial would not be fair, and the conviction(s) would have to be reversed in favor of further proceedings.

■ ¶ 23 The state suggests that, if the trial court erred in how it admitted evidence of Smyers' prior conviction, it was harmless. *See Bolton*, 182 Ariz. at 303, 896 P.2d at 843. An error is harmless, though, only if it can be found beyond a reasonable doubt that the error did not affect the verdict. *Id.* (citation omitted); *see Jimenez*, 214 F.3d at 1099 (error in admitting prior conviction harmless if more likely than not there is "fair assurance" that error did not sway verdict). Thus the inquiry is whether "the guilty verdict actually rendered in *this* trial was surely unattributable to the error." *Bolton*, 182 Ariz. at 303, 896 P.2d at 843 (quoting *Sullivan v. Louisiana*, 508 U.S. 275, 279, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993)(emphasis original)). As we have concluded, there is no fair assurance that Smyers' decision not to testify did not unduly affect the verdict. The error cannot be considered to have been harmless.

## *CONCLUSION*

¶ 24 We reverse Smyers' convictions and remand for further proceedings consistent with this opinion.

CONCURRING: SHELDON H. WEISBERG, Judge and EMMET J. RONAN, Judge Pro Tempore.[*]

---

[*] The Honorable Emmet J. Ronan, a judge of the Maricopa County Superior Court, was authorized to participate as a Judge *Pro Tempore* of the Court of Appeals by order of the Chief Justice of