SUPREME COURT OF ARIZONA
En Banc

| | | |
|---|---|---|
| STATE OF ARIZONA, | ) | Arizona Supreme Court |
| | ) | No. CR-03-0284-PR |
| Appellee, | ) | |
| | ) | Court of Appeals |
| | ) | Division One |
| v. | ) | No. 1 CA-CR 02-0422 |
| | ) | |
| | ) | Maricopa County |
| | ) | Superior Court |
| DANIEL JOHN SMYERS, | ) | No. CR 2001-008644 |
| | ) | |
| Appellant. | ) | **O P I N I O N** |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

Appeal from Superior Court in Maricopa County
No. CR 2001-008644
The Honorable Jeffrey A. Hotham
**AFFIRMED**

_____

Opinion of Court of Appeals, Division One
205 Ariz. 479, 73 P.3d 610 (App. 2003)
**VACATED IN PART**

_____

Terry Goddard, Attorney General                                    Phoenix
      by    Randall M. Howe, Chief Counsel,
            Criminal Appeals Section
            and Jon G. Anderson, Assistant Attorney General
Attorneys for State of Arizona

Maricopa County Public Defender                                    Phoenix
      by    Stephen R. Collins, Deputy Public Defender
Attorneys for Daniel John Smyers

_____

M c G R E G O R, Vice Chief Justice

¶1      This case requires us to examine again whether a

defendant must testify in order to preserve for appeal a

challenge to an adverse pretrial ruling allowing the defendant's prior convictions to be admitted for impeachment purposes. We exercise jurisdiction pursuant to Article VI, Section 5.3 of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) section 13-4031 (2001).

## I.

¶2    On June 8, 2001, the State charged Daniel Smyers with two counts of furnishing obscene or harmful items to a minor. Prior to trial, the State filed a motion based upon Arizona Rule of Evidence 609,[1] asking permission to introduce Smyers' prior felony conviction for attempted child abuse as impeachment evidence if Smyers testified. Smyers objected, arguing that his prior conviction was not probative of the charged offense. In the alternative, Smyers argued that if the conviction were admitted, the trial court should "sanitize" the conviction to indicate only the fact of a prior conviction. The trial judge

---

[1]    Arizona Rule of Evidence 609(a) states:

For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record, if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect, and if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted or (2) involved dishonesty or false statement, regardless of the punishment.

Ariz. R. Evid. 609(a).

2

ruled that he would allow the State to introduce the name of the offense, the court, the date, and whether Smyers was assisted by counsel, but would not permit evidence describing the class or the facts of the felony. Smyers chose not to testify at trial. The jury convicted Smyers of the charged offenses.

¶3 On appeal, Smyers initially did not challenge the trial court's pretrial ruling. Nevertheless, the court of appeals ordered the parties to file supplemental briefs to address whether the trial court committed reversible error by conditionally admitting Smyers' prior conviction. *State v. Smyers*, 205 Ariz. 479, 481 ¶ 9, 73 P.3d 610, 612 (App. 2003). In doing so, the court of appeals recognized that "[i]t has been settled . . . that a defendant's decision not to testify at trial serves to waive his right to challenge on appeal the trial court's ruling on the admissibility of his prior conviction." *Id.* at 482 ¶ 11, 73 P.3d at 613 (citing *Luce v. United States*, 469 U.S. 38, 43 (1984); *State v. Lee*, 189 Ariz. 608, 617, 944 P.2d 1222, 1231 (1997); *State v. White*, 160 Ariz. 24, 30, 770 P.2d 328, 334 (1989); *State v. Correll*, 148 Ariz. 468, 475, 715 P.2d 721, 728 (1986); *State v. Allie*, 147 Ariz. 320, 327, 710 P.2d 430, 437 (1985)).

¶4 Although the court of appeals recognized this binding precedent, it reframed the issue before it as follows:

> [T]he issue with which we are confronted is one preliminary—and critical—to a defendant's informed decision whether to testify: Does a trial court's error with regard to the terms of the admissibility of the defendant's prior conviction for the purpose of impeaching the defendant taint the defendant's decision about testifying such that the decision cannot be found to have been a reasoned and knowing one?

*Id.* After finding the trial court's ruling to be in error, the court concluded that the "error cannot be considered to have been harmless" because "there is no fair assurance that Smyers' decision not to testify did not unduly affect the verdict." *Id.* at 484 ¶ 23, 73 P.3d at 615. The court therefore reversed Smyers' convictions. For the reasons discussed below, we vacate the opinion of the court of appeals and affirm Smyers' convictions.[2]

## II.

¶5    The court of appeals erred by disregarding long-established and controlling Arizona law that requires a defendant to testify at trial before he can challenge an adverse pretrial ruling conditionally admitting prior convictions for impeachment. *See*, *e.g.*, *Lee*, 189 Ariz. at 617, 944 P.2d at 1231; *White*, 160 Ariz. at 30, 770 P.2d at 334; *State v. Schrock*,

---

[2]    Before finding reversible error in the conditional admission of the prior conviction, the court of appeals rejected Smyers' only other argument for reversal of his convictions. *Smyers*, 205 Ariz. at 481 ¶¶ 6-8, 73 P.3d at 612. We did not grant review of that issue. Therefore, we do not vacate paragraphs two through eight of the court of appeals' decision.

149 Ariz. 433, 437, 719 P.2d 1049, 1053 (1986); *Correll*, 148 Ariz. at 475, 715 P.2d at 728; *Allie*, 147 Ariz. at 327, 710 P.2d at 437; *State v. Barker*, 94 Ariz. 383, 386, 385 P.2d 516, 518 (1963).

¶6     We first stated this rule more than forty years ago in *Barker*, 94 Ariz. at 386, 385 P.2d at 518.  Barker claimed that the trial court erred in denying his motion to direct the State "to refrain from cross-examining him on a former conviction for manslaughter which occurred some sixteen (16) years prior."  *Id.* at 385, 385 P.2d at 517.  Barker argued that the denial of his motion to preclude the use of his prior conviction "prevented him from taking the witness stand and testifying on his own behalf."  *Id*.  Rejecting the defendant's argument, this court stated:

> The State argues that there is nothing before this Court on which to predicate a reversal of the trial court, that having received this adverse ruling appellant should have proceeded with his case by taking the stand then raising the question if the State attempted to establish the prior conviction.  We are in agreement with the position adopted by the State.  First, the appellant is assuming that had defendant taken the stand the county attorney would have used the prior manslaughter conviction by attempting to impeach his credibility.  Second, appellant is assuming that the trial court would have adhered to its initial ruling. . . .

*Id.* at 386, 385 P.2d at 518.

¶7     More than twenty years later, the United States Supreme Court reached the same conclusion when it examined

5

whether a non-testifying defendant "is entitled to review of the District Court's ruling denying his motion to forbid the use of a prior conviction to impeach his credibility." *Luce*, 469 U.S. at 39. In *Luce*, the defendant moved to prevent the use of a prior conviction to impeach him if he testified. *Id.* The district court denied the motion, finding the conviction admissible under Federal Rule of Evidence 609(a). On appeal, the circuit court held that when a defendant does not testify, it will not review the district court's ruling. *Id.* at 39-40.

¶8 The Supreme Court agreed that a defendant must testify in order to raise and preserve for review the claim of improper impeachment with a prior conviction. *Id.* at 43. In reaching this conclusion, the Court recognized that a "reviewing court is handicapped in any effort to rule on subtle evidentiary questions outside a factual context." *Id.* at 41. Specifically, the Court reasoned that the absence of the defendant's testimony deprives the court of information that is essential to weighing the probative value against the prejudicial effect of the use of the conviction. *Id.*

¶9 Next, the Court explained, without the defendant's testimony, any harm to the defendant is speculative because the trial court's ruling is subject to change and a reviewing court "has no way of knowing whether the Government would have sought to impeach with the prior conviction." *Id.* at 41-42. In

addition, because "an accused's decision whether to testify 'seldom turns on the resolution of one factor,'" a reviewing court cannot assume that the adverse ruling motivated a defendant's decision not to testify. *Id.* at 42 (quoting *New Jersey v. Portash*, 440 U.S. 450, 467 (1979) (Blackmun, J., dissenting)). Finally, "[e]ven if these difficulties could be surmounted," the Court added, a reviewing court could not determine if any error is harmless. *Id.* "Were *in limine* rulings under Rule 609(a) reviewable on appeal, almost any error would result in the windfall of automatic reversal; the appellate court could not logically term 'harmless' an error that presumptively kept the defendant from testifying." *Id.* Based on these reasons, the Court concluded that "to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify." *Id.* at 43.

¶10    Less than a year after the Supreme Court decided *Luce*, this court, "to clear up some confusion that ha[d] arisen in the lower courts," reiterated the "well settled" rule that, under Arizona law, a defendant who does not testify at trial cannot, on appeal, challenge an adverse pretrial ruling conditionally admitting a prior conviction for impeachment purposes. *Allie*, 147 Ariz. at 327, 710 P.2d at 437. In *Allie*, a jury convicted the defendant of one count of burglary and one count of armed robbery. *Id.* at 322, 710 P.2d at 432. Prior to trial, the

State sought to introduce Allie's two prior felony convictions into evidence. After conducting a pretrial hearing on this issue, the trial court ruled that Allie's prior convictions would be admissible to impeach Allie if he took the stand. Allie chose not to testify. *Id.* at 327, 710 P.2d at 437.

¶11    On appeal, Allie challenged the trial court's pretrial ruling. *Id*. Reasoning that "his right to testify outweighs the possible probative value of admitting his prior convictions, especially when combined with the risk that the jury would not respond to a limiting instruction," Allie urged this court to adopt a rule that would "altogether preclude impeachment of a defendant with his prior convictions." *Id.* Without examining the merits of Allie's argument, we reiterated the rule that a defendant must testify at trial to preserve a challenge to an adverse pretrial ruling allowing a prior conviction to be admitted. *Id*.

¶12    In the twenty years following *Allie*, this court has consistently and unequivocally applied the *Allie* rule in holding that a non-testifying defendant cannot challenge a trial court's pretrial ruling that a prior conviction may be used to impeach him. *See Lee*, 189 Ariz. at 617, 944 P.2d at 1231; *White*, 160 Ariz. at 30-31, 770 P.2d at 334-35; *Schrock*, 149 Ariz. at 437, 719 P.2d at 1053; *Correll*, 148 Ariz. at 475, 715 P.2d at 728. None of these cases provides any basis for the court of appeals'

8

decision to examine the "preliminary" issue of whether the trial court's ruling "taint[s] the defendant's decision about testifying such that the decision cannot be found to have been a reasoned and knowing one." *Smyers*, 205 Ariz. at 482 ¶ 11, 73 P.3d at 613.

¶13 Indeed, *Correll* involved a pretrial ruling similar to that challenged in this case. In *Correll*, the State sought to introduce the defendant's prior convictions, including a conviction for robbery using a firearm. *Correll*, 148 Ariz. at 478, 715 P.2d at 731. The trial judge "sanitized" the conviction and permitted the State to "only prove the convictions of the felony and the name and the date and location . . . without elaboration." *Id.* at 475, 715 P.2d at 728. The defendant did not testify. The jury then convicted the defendant of, among other things, armed robbery and first-degree burglary. *Id.* at 471, 715 P.2d at 724. On appeal, this court reiterated the *Allie* rule. *Id.* at 475, 715 P.2d at 728.

¶14 This court not only has consistently applied the *Allie* rule but also has extended its reasoning to the use, for impeachment purposes, of involuntary statements and statements made in violation of *Miranda*. *See*, *e.g.*, *State v. Gonzales*, 181 Ariz. 502, 512, 892 P.2d 838, 848 (1995) ("We hold that by choosing not to testify, Gonzales waived his right to claim that the trial court erroneously ruled involuntary statements

9

admissible to impeach."); *State v. Conner*, 163 Ariz. 97, 102-03, 786 P.2d 948, 953-54 (1990). In *Conner*, for example, we held that a non-testifying defendant may not challenge a trial court's pretrial decision to allow statements obtained in violation of *Miranda* to be used for impeachment purposes. *Conner*, 163 Ariz. at 103, 786 P.2d at 954. Foreshadowing the court of appeals' approach in this matter, the defendant had argued that the trial court's pretrial ruling "inhibited his decision on whether to testify." *Id.* at 102, 786 P.2d at 953. Rejecting the defendant's argument and reaffirming the public policy considerations underlying *Allie* and *Luce*, we stated:

> We believe *Luce* and *Allie* are based on sound policy considerations. Without defendant's testimony, a reviewing court cannot properly weigh the probative value of the testimony against the prejudicial impact of the impeachment. This balancing requires a complete record, including defendant's testimony, the cross-examination and an analysis of the impact of the impeachment evidence on the jury. Furthermore, without defendant's testimony, the court is left to speculate on review whether the state would have in fact sought to impeach defendant with the prior convictions, and whether the adverse ruling in fact motivated defendant's decision not to testify.

*Id.* (citations omitted).

¶15    We continue to believe that the *Allie* rule rests upon sound policy considerations, and we decline to depart from it. Applying the *Allie* rule to the facts of this case, we hold that Smyers' decision not to testify at trial precludes him from

10

challenging the trial court's pretrial ruling on appeal.[3] Accordingly, we reject any attempt to inject a "preliminary" issue as contrary to the policy reasons underlying the *Allie* rule.[4] As this court stated in *Allie* and as we hold again today, "[T]he rule in Arizona remains that a defendant must take the stand before he can challenge an adverse pretrial ruling allowing prior convictions to be admitted for impeachment purposes." *Allie*, 147 Ariz. at 327, 710 P.2d at 437.

## III.

¶16    For the foregoing reasons, we vacate the court of appeals' opinion, with the exception of paragraphs two through eight, and affirm Smyers' convictions and sentences.

_____

Ruth V. McGregor, Vice Chief Justice

---

[3]    Although Smyers is precluded from challenging the trial court's pretrial ruling, we reemphasize that "a trial court should sparingly admit evidence of prior convictions when the prior convictions are similar to the charged offense." *State v. Bolton*, 182 Ariz. 290, 303, 896 P.2d 830, 843 (1995). If a trial court does find it appropriate to admit such a prior conviction, we encourage the court to reduce the risk of prejudice by sanitizing the prior conviction. "The reason is clear—similarity to the charged offense may lead to the unfair inference that if defendant 'did it before he probably did so this time.'" *Id*. (citation omitted).

[4]    The courts of this state are bound by the decisions of this court and do not have the authority to modify or disregard this court's rulings. "Any other rule would lead to chaos in our judicial system." *McKay v. Indus. Comm'n*, 103 Ariz. 191, 193, 438 P.2d 757, 759 (1968).

CONCURRING:


_____
Charles E. Jones, Chief Justice


_____
Rebecca White Berch, Justice


_____
Michael D. Ryan, Justice


_____
Andrew D. Hurwitz, Justice