NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MARCO ANTONIO GARCIA, *Appellant.*

No. 1 CA-CR 19-0561
FILED 10-6-2020

Appeal from the Superior Court in Maricopa County
No. CR2017-120373-001
The Honorable Andrew J. Russell, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By David R. Cole
*Counsel for Appellee*

Bain & Lauritano PLC, Glendale
By Amy E. Bain
*Counsel for Appellant*

―――――――――――――――――

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Paul J. McMurdie joined.

―――――――――――――――――

**C R U Z**, Judge:

¶1          Marco Antonio Garcia appeals his convictions and sentences for two counts of sexual conduct with a minor, one count of molestation of a child, and two counts of sexual abuse.  For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2          Garcia had sexual contact with the victim, S.S., who was the daughter of Garcia's long-term girlfriend, on one occasion.  S.S. told her mother about the incident approximately three years later, and Garcia, when confronted by S.S.' mother, admitted to inappropriately touching S.S.  After a few more years elapsed, S.S. reported the incident to law enforcement.  The State charged Garcia with the crimes, alleging he committed them between September and December of 2010 when S.S. was fourteen years old.

¶3          At Garcia's trial in 2019, S.S. testified that sometime around Thanksgiving of 2010, Garcia touched her breasts with his hands and mouth, engaged in masturbatory contact with her vagina, and directed her to rub his testicles and masturbate his penis.  Garcia elected to testify at trial and admitted to that same conduct—except as to when it occurred. According to Garcia, the incident took place in October 2011, when S.S. was fifteen years old, not fourteen.[1]

―――――――――――――――――

[1]          The distinction is significant given the charged offenses.  *See* Arizona Revised Statutes ("A.R.S.") sections 13-1404(A) (criminalizing "sexual abuse" limited to contact with the female breast only if the victim is under fifteen); -1405(B) (categorizing "sexual conduct with a minor" committed by a person in Garcia's position in 2010 or 2011 as a class 2 felony if the victim is under fifteen but as a class 6 felony if the victim is at least fifteen); -1410(A) (criminalizing "molestation of a child" only if the victim is under fifteen).

¶4        The jury found Garcia guilty of all counts as charged, including the allegation S.S. was under fifteen years old when Garcia committed the offenses.  The superior court sentenced him to concurrent and consecutive prison terms totaling forty years.  Garcia timely appealed, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1) and 13-4033(A)(1).

## DISCUSSION

I.       Rule 20 Motion

¶5        After the State rested its case, Garcia moved for a judgment of acquittal under Rule 20 of the Arizona Rules of Criminal Procedure, arguing the State failed to show he committed the charged acts during the time alleged in the indictment—September to December 2010.  The superior court denied the motion, and Garcia now asserts the ruling was erroneous.

¶6        We review the superior court's denial of a Rule 20 motion de novo.  *State v. Goudeau*, 239 Ariz. 421, 461, ¶ 168 (2016).  The superior court is required to enter a judgment of acquittal "if there is no substantial evidence to support a conviction."  Ariz. R. Crim. P. 20(a)(1).  Substantial evidence "is such proof that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt."  *State v. West*, 226 Ariz. 559, 562, ¶ 16 (2011) (internal quotation marks and citations omitted).  Our task on appeal is to determine whether, considering both direct and circumstantial evidence "in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Id.* (internal quotation marks and citations omitted).

¶7        Substantial evidence supports the finding Garcia committed the charged acts between September and December 2010.  S.S. testified he molested her not long after a family birthday party that took place around November 20, 2010, and before she sustained an ankle injury playing high-school soccer.  S.S. played only one season of soccer in high school, during the fall-winter of her 2010–2011 freshman year.  Although she could not recall whether she injured her ankle during a practice or a game in the regular season, which ran from December 2010 to February 2011, S.S. was "adamant" Garcia molested her in 2010, not 2011.  Viewed in the light most favorable to the State, the record contains substantial evidence Garcia committed the offenses in late November or December of 2010.  The superior court did not err, therefore, in denying his motion for a judgment of acquittal.  *See State v. Lee*, 189 Ariz. 590, 603 (1997) ("When reasonable minds may differ on inferences drawn from the facts, the case must be

submitted to the jury, and the trial judge has no discretion to enter a judgment of acquittal.").

II.     Ruling on Impeachment Evidence

¶8       Garcia also argues the superior court committed reversible error concerning his examination of S.S.' mother, who was a witness for the prosecution.  Before the mother testified, Garcia asked that he be allowed to cross-examine her for bias against him relating to a custody dispute involving their shared son.  Garcia postulated that S.S.' mother wanted him out of her and their son's lives and that her motive in that respect contributed to S.S. both deciding to report Garcia to law enforcement and exaggerating her account of his misconduct.  The State disputed whether the custody issue was relevant but argued it would be misleading for Garcia to ask S.S.' mother whether the criminal case was linked to custody issues unless the State could then ask the mother whether she initiated the custody dispute for an alternative reason.  Specifically, there was evidence S.S.' mother initially sought to modify custody because of an allegation Garcia physically abused another child he shared with a different woman.[2]  Garcia contested the necessity of introducing the physical abuse allegation and argued that if the State could raise it, he should be allowed to introduce evidence the Department of Child Safety closed the matter.

¶9       The superior court was skeptical the custody issue was relevant but ruled that if Garcia questioned S.S.' mother whether the criminal charges against him were connected to her seeking to modify custody of their son, the State could then ask the mother whether she initiated the custody proceeding for another reason—namely, the information she received about Garcia's other child.

¶10      Garcia did not raise the custody dispute in his cross-examination of S.S.' mother.  He now contends the superior court's ruling warrants reversal because by allowing the State to introduce irrelevant, prejudicial evidence, the court chilled his right to impeach S.S.' mother. The rule in Arizona is that to challenge an adverse pretrial ruling, the challenged

---

[2]      According to the State, S.S. reported Garcia's conduct to law enforcement in early April 2017.  Not long thereafter, the mother of Garcia's other child informed S.S.' mother of the allegation Garcia physically abused his other child.  S.S.' mother sought to modify custody of her child with Garcia at that point, based on the physical abuse allegation.  A few weeks later, Garcia was arrested on charges in this case.  S.S.' mother then filed for a further modification of custody based on the sex crime allegations.

evidence must be admitted at the trial. In *State v. Duran*, the Arizona Supreme Court held,

> Rather, as a matter of policy, when a trial court rules certain evidence admissible for impeachment purposes if the defendant testifies, a defendant must both object and testify to preserve the issue for appellate review. We will not assume that the defendant would have testified but for the adverse ruling, or that the trial court would have adhered to its initial ruling had the defendant taken the stand. (Indeed, in view of its subsequent, ready acknowledgment of error, the trial court here might well have corrected its in-limine ruling had the impeachment issue been raised again during trial.).

*State v. Duran*, 233 Ariz. 310, 313, ¶ 19 (2013).

**¶11** Because Garcia did not impeach S.S.' mother with evidence of the custody dispute, Garcia failed to preserve a claim of error and waives appellate review. Without this cross-examination, "any harm to the defendant is speculative because the trial court's ruling is subject to change" and on review, this court has no way of knowing whether the State would have sought to rehabilitate S.S.' mother with further evidence of the custody dispute. *See State v. Smyers*, 207 Ariz. 314, 316, ¶ 9 (2004) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984). Thus, this issue is not properly before this court, and we do not consider it further. *See Duran*, 233 Ariz. at 313, ¶ 20.

## CONCLUSION

**¶12** For the foregoing reasons, we affirm Garcia's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED: AA