NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DAMON LEE KERL, *Petitioner*.

No. 1 CA-CR 23-0129 PRPC
FILED 12-21-2023

Appeal from the Superior Court in Maricopa County
No. CR 1993-007451
The Honorable Mark H. Brain, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Krista Wood, Julie A. Done
*Counsel for Respondent*

Maricopa County Legal Defender's Office, Phoenix
By Erika A. Warner
*Counsel for Petitioner*

_____

## MEMORANDUM DECISION

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Kent E. Cattani joined.

_____

**F O S T E R**, Judge:

**¶1**         Petitioner Damon Lee Kerl petitions for review of the dismissal of his petition for post-conviction relief. This Court has considered the petition for review and, for the reasons stated, grants review but denies relief.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**         In 1993, Kerl was indicted for forty-one serious felonies, including first degree murder, for crimes committed on three separate occasions. Kerl was sixteen years old at the time of the events. Between 1995 and 1999, Kerl was convicted of twenty-five felony counts in three separate trials. He was sentenced after each trial. After the first two trials, Kerl received an aggregate sentence of 105 years imprisonment for armed robbery, ten counts of kidnapping, nine counts of aggravated assault, two counts of burglary in the first-degree, attempted armed robbery, and theft. At the third trial, Kerl was convicted of first-degree murder and sentenced to a consecutive term of life with the possibility of parole after twenty-five years.

**¶3**         Kerl's convictions and sentences were affirmed on direct appeal. *State v. Kerl*, 1 CA-CR 99-0531 and 1 CA-CR 00-0524 (Ariz. App. Feb. 1, 2001). Kerl filed a timely notice of post-conviction relief ("PCR") in 2001. After reviewing the record, Kerl's counsel filed a notice of no colorable claims. *See* Ariz. R. Crim. P. 32.6(c). Kerl did not file a *pro per* petition, and the trial court summarily dismissed the notice in 2002.

**¶4**         In 2017, Kerl filed a second notice of post-conviction relief alleging that *Miller v. Alabama*, 567 U.S. 460 (2012) and *Montgomery v. Louisiana*, 577 U.S. 190 (2016) resulted in a significant change in the law entitling him to relief. Kerl's case was combined with a group of similarly

situated defendants and stayed for five years. Meanwhile, in 2019[1], Kerl was granted parole on the homicide count.

¶5        In 2022, the trial court lifted the stay and ordered Kerl to file a petition by January 26, 2023. The State thereafter filed a motion to dismiss, arguing that the Arizona Supreme Court resolved identical claims in *State v. Soto-Fong*, 250 Ariz. 1 (2020), holding that *Miller* and *Montgomery* did not prohibit a juvenile from being sentenced to consecutive sentences exceeding his or her life expectancy. In response, Kerl argued that *Soto-Fong* did not control because his case was factually distinct. Additionally, Kerl notified the court of five new claims for relief under Rule 32.1(a) that he intended to raise in his petition. Kerl never filed a petition.

¶6        After the State filed a reply to Kerl's response to the motion to dismiss, the trial court summarily dismissed the notice requesting post-conviction relief, noting that Kerl would have to file a successive notice of post-conviction relief to raise the Rule 32 claims. Kerl filed a motion for reconsideration, which was denied. Kerl then filed this timely petition for review. A trial court's summary dismissal is reviewed for an abuse of discretion. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012).

## DISCUSSION

I.        **The trial court did not abuse its discretion by dismissing Kerl's notice requesting post-conviction relief.**

¶7        First, Kerl argues that the trial court abused its discretion and violated his due process rights by dismissing his notice despite knowing Kerl intended to raise additional claims in the petition. Kerl contends that the trial court incorrectly limited review of his claims to those contained in the notice.

¶8        A Rule 32 proceeding is commenced by filing a notice requesting post-conviction relief in the court that rendered the conviction. Ariz. R. Crim. P. 32.4(a). The notice "informs the trial court of a possible need to appoint an attorney for the defendant" and "assists the court in deciding whether to summarily dismiss the proceeding as untimely or precluded." Comment to Ariz. R. Crim. P. 32.4(a); *see also* Ariz. R. Crim. P.

---

[1]        Kerl's petition for review states that Kerl was paroled in 2020; however, the website of the Arizona Department of Corrections Rehabilitation & Reentry states that parole was granted on January 30, 2019. ARIZONA DEPARTMENT OF CORRECTIONS REHABILITATION & REENTRY, https://corrections.az.gov/inmate-data-search (last visited Oct. 26, 2023).

32.2(b) ("If the notice does not provide sufficient reasons why the defendant did not raise the claim in a previous notice or petition, or in a timely manner, the court may summarily dismiss the notice."). Sixty days after filing the notice or appointment of counsel, "[t]he defendant must then file a PCR petition including evidentiary, record, and legal support for his claims." *State v. Shrum*, 220 Ariz. 115, 118, ¶ 16 n.6 (2009); Ariz. R. Crim. P. 32.7(a)(1)(A). The rules permit the defendant to file an amended petition upon a showing of good cause. Ariz. R. Crim. P. 32.9(d).

¶9　　　　After review of the pleadings, summary dismissal is appropriate "[i]f, after identifying all precluded and untimely claims, the court determines that no remaining claim presents a material issue of fact or law that would entitle the defendant to relief." Ariz. R. Crim. P. 32.11(a). A claim under Rule 32.1(a) is precluded if it was waived on direct appeal or in a previous post-conviction proceeding. Ariz. R. Crim. P. 32.2(a)(3). A claim under Rule 32.1(a) is timely if it is filed within 90 days of sentencing or 30 days of the mandate. Ariz. R. Crim. P. 32.4(b)(3)(A). However, a court may excuse an untimely notice "if the defendant adequately explains why the failure to timely file a notice was not the defendant's fault." Ariz. R. Crim. P. 32.4(b)(3)(D).

¶10　　　　Here, Kerl initially filed a notice under Rule 32.1(g), arguing that his claim was not untimely because *Miller* and *Montgomery* represented a significant change in the law. *See* Ariz. R. Crim. P. 32.2(b). Responding to the State's motion to dismiss, Kerl listed five new claims under Rule 32.1(a) that he intended to argue in his petition. These new claims included: (1) denial of the right to self-representation; (2) denial of the right to conflict-free counsel; (3) his convictions were obtained in violation of *Florida v. Nixon*, 543 U.S. 175 (2004) and *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018); (4) disparity in sentencing between Kerl and his co-defendants; and (5) ineffective assistance of counsel. Kerl gave no reason for the court to excuse his untimely claims or why his claims should not be precluded other than his first three claims require a knowing, voluntary, and intelligent waiver. *See* Ariz. R. Crim. P. 32.2(a)(3). Kerl never filed a petition, and the trial court summarily dismissed the notice.

¶11　　　　Rule 32 neither permits nor prohibits a defendant from raising claims in the petition that are different from those raised in the notice. But Arizona's Supreme Court has previously found that Rule 32 "adopts a liberal policy toward amendment of PCR pleadings." *Canion v. Cole*, 210 Ariz. 598, 601, ¶ 16 (2005). This interpretation also aligns with one of the goals of Rule 32, which is "to prevent endless or nearly endless reviews of the same case in the same trial court." *Stewart v. Smith*, 202 Ariz. 446, 450,

¶ 11 (2002); *see also State v. Rosales*, 205 Ariz. 86, 90, ¶ 12 (App. 2003) ("The preclusion rules exist to prevent multiple post-conviction reviews, not to prevent review entirely."). Further, as Kerl points out, counsel is commonly appointed after the defendant has already filed the notice. *See* Ariz. R. Crim. P. 32.5. Nothing in the law or rules restricts counsel's review of the record and investigation of the case to those issues raised by the defendant, but such review does not excuse compliance with Rule 32.7 (deadlines for filing a petition for post-conviction relief).

**¶12** Although this Court agrees Kerl could have raised additional claims in a petition for post-conviction relief, he never filed one. Consequently, Kerl presents no argument, affidavit, or evidence establishing a colorable claim. *See Canion*, 210 Ariz. at 601, ¶ 18 ("Because no petition has been filed, Defendant has neither established good cause for discovery nor made a colorable claim that he is entitled to post-conviction relief. Like others who seek Rule 32 relief, Defendant must file his petition, complete with affidavits and relevant portions of the record that establish a ground that would provide a basis for relief under Rule 32."). Even if this court were to consider Kerl's response to the motion to dismiss as an amendment to his notice, Kerl did not explain why his Rule 32.1(a) claims are twenty-one years late. "Petitioners must strictly comply with Rule 32 or be denied relief." *State v. Carriger*, 143 Ariz. 142, 146 (1984). The trial court acted within its discretion by dismissing Kerl's notice. [2]

**II.** **Because *Soto-Fong* applies, Kerl fails to raise a colorful claim that *Miller* and *Montgomery* represent a significant change in the law.**

**¶13** Kerl argues that the trial court erred in summarily dismissing his post-conviction relief proceeding because his case is significantly different than *Soto-Fong*. This Court disagrees.

**¶14** In *Soto-Fong*, the Arizona Supreme Court examined three cases involving juvenile defendants who received consecutive sentences exceeding their life expectancy. 250 Ariz. at 3, ¶ 1. The Supreme Court

---

[2]Nothing precludes Kerl from filing another successive petition for post-conviction relief raising the claims he asserts should have been permitted here. Just as he would have been required to explain in the instant proceedings (when filing an amended petition) why the additional claims were not pursued in his initial (2001) post-conviction proceeding, *see* Ariz. R. Crim. P. 32.2(a)(3), he will be required to explain in a newly filed petition why the claims are not precluded under Rule 32(a).

concluded that the defendants' sentences bore little resemblance to those in *Miller* and *Montgomery*, and therefore, those cases did not "prohibit consecutive sentences imposed for separate crimes when the aggregate sentences exceed a juvenile's life expectancy." *Id*. at 12, ¶ 50.

**¶15**      Kerl argues that his case is factually distinct from the three defendants in *Soto-Fong* because he was paroled on the homicide count and is now serving consecutive sentences exceeding his life expectancy for non-homicide convictions. Kerl's argument is unavailing. In *Soto-Fong*, a defendant was sentenced to an aggregate term of 140 years for thirty-two non-homicide offenses that arose out of multiple crimes committed when he was seventeen and eighteen years old. 250 Ariz. at 4, ¶ 3. Here, after being paroled for the homicide, Kerl is now serving 104 years for separate crimes committed against multiple victims on multiple dates. Though the facts in this case are not identical, Kerl's sentence falls under the umbrella of *Soto-Fong*. 250 Ariz. at 12, ¶ 50 ("We hold that *Graham, Miller,* and *Montgomery* do not prohibit consecutive sentences imposed for separate crimes when the aggregate sentences exceed a juvenile's life expectancy."). Kerl's sentences and those in *Miller* and *Montgomery*, both of which involved juveniles receiving mandatory life sentences for a single homicide, are factually distinct. *Miller*, 567 U.S. at 465; *Montgomery*, 577 U.S. at 194. The trial court did not abuse its discretion by applying *Soto-Fong* and dismissing Kerl's notice.

**¶16**      Kerl also claims that the trial court failed to consider his age when sentencing him for the homicide count. In his third and last trial, Kerl was convicted of first-degree murder. He received the minimum sentence: life with the possibility of parole after twenty-five years. At sentencing, neither the prosecutor nor defense counsel mentioned Kerl's age. The victim's mother stated, "I do have a certain amount of contempt for someone who could, at the age of 16, kill innocent people in cold blood." The presentence report included a copy of the 1995 presentence report, written after Kerl's first trial, that included a family history and juvenile arrest record, concluding that "[t]he defendant's age should not be a consideration when delivering a sentence, since he has been committing crimes for several years and has been exposed to the criminal justice system for just as long." After pronouncing sentence, the trial court commented, "I have previously expressed the horrors that come with young people and guns and the deaths of young people inevitably results from that combination."

**¶17**      Contrary to Kerl's claims, *Miller* does not require the sentencing judge to make specific findings or complete a checklist before

sentencing a juvenile offender to a life sentence. Nor does *Miller* "mandate that a particular weight—or meaningful or adequate consideration—be given to a juvenile's youth and attendant characteristics." *State ex rel. Mitchell v. Cooper (Cooper/Bassett)*, 535 P.3d 3 at 15, ¶ 50 (2023). Instead, *Miller* notes "a sentencer's ability to make that judgment in homicide cases, [] require[ing] it to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." 567 U.S. at 480. Based on the record, this Court cannot say that the trial court abused its discretion in sentencing Kerl to the minimum sentence for first degree murder.

**¶18** Finally, Kerl argues that *Soto-Fong* violates the Eighth Amendment's prohibition on cruel and unusual punishment. The Arizona Supreme Court's direction on this question is clear—it does not. This Court has no authority to deviate from its ruling. *State v. Smyers*, 207 Ariz. 314, 318, ¶ 15 n.4 (2004). Accordingly, Kerl's argument is rejected.

## CONCLUSION

**¶19** This Court grants review but denies relief because Kerl's petition is untimely, and he fails to demonstrate a significant change in the law that would overturn his sentence.



AMY M. WOOD • Clerk of the Court
FILED:   AA