563 P.2d 313

STATE of Arizona, Appellee,

v.

Aldalberto JIMENEZ, Appellant.

No. 1 CA–CR 2116.

Court of Appeals of Arizona, Division 1, Department B.

March 1, 1977.

Rehearing Denied April 7, 1977.

Review Denied May 3, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Joel M. Glynn, Deputy Public Defender, Phoenix, for appellant.

## OPINION

SCHROEDER, Presiding Judge.

The appellant, who was originally charged with murder, appeals from his conviction of voluntary manslaughter and sentence to five years to five years and one day. The only question raised in the appeal is whether the trial court erred in permitting the State to cross-examine the appellant with respect to a 1962 smuggling conviction after the defendant had called several character witnesses in his own behalf to testify as to his general reputation for honesty.

Use of this conviction in defendant's cross-examination was considered in chambers prior to trial. The trial court ruled that the conviction was too remote to be used simply for impeaching the defendant's credibility if he alone took the stand, but that if the defense chose to call witnesses to establish the defendant's general reputation for truth and veracity, then the conviction could be used in cross-examining the defendant.

At trial, appellant called a number of witnesses, including prominent members of the community, to testify as to his reputation for truth, veracity, and for being a law-abiding citizen. When the appellant himself took the stand, his counsel brought out the 1962 conviction in his examination.

Appellant's position here is that the prior conviction was too remote to be used in any circumstances, and that once the trial court determined that it was too remote to be used to impeach the defendant if he alone testified, the court erred in permitting it to be used after the appellant himself put on evidence to establish his reputation. We disagree.

The question of admissibility of prior convictions for impeachment purposes rests in the discretion of the trial court. *State v. Mayes,* 110 Ariz. 318, 518 P.2d 568 (1974); *State v. King,* 110 Ariz. 36, 514 P.2d 1032 (1973); *State v. Landrum,* 25 Ariz. App. 446, 544 P.2d 270 (1975). But as the court pointed out in *Landrum,* this "prior conviction cannot, however, be so remote as to have reasonably lost all relevancy with respect to the purpose for which it is introduced. *State v. Harvill,* 89 Ariz. 340, 362 P.2d 663 (1961)."

In this case, we believe that the trial judge wisely exercised her discretion in determining that the conviction was too remote for the purpose merely of impeaching the credibility of the defendant's testimony alone, but that it did bear some relationship to the general issue of reputation when the defendant opened the door for exploration of the subject through testimony offered by other witnesses. The court therefore committed no error in ordering that the conviction could be used to impeach the defendant if he placed his reputation in issue through other witnesses. See generally the discussion in McCormick on Evidence, 2d ed., § 191 (1972), pointing out the different considerations which apply when the defendant attempts affirmatively to establish his reputation.

Judgment and sentence affirmed.

WREN and EUBANK, JJ., concurring.