200 P.3d 973

**STATE of Arizona, Appellant,**

v.

**Steven Lynn RHODES, Appellee.**

**No. 1 CA–CR 06–0845.**

Court of Appeals of Arizona,
Division 1, Department A.

April 3, 2008.

Andrew P. Thomas, Maricopa County Attorney, by Lisa M. Martin, Deputy County Attorney, Phoenix, Attorneys for Appellant.

Debus, Kazan & Westerhausen Ltd., by Tracey Westerhausen, Phoenix, Attorneys for Appellee.

## OPINION

PORTLEY, Judge.

¶ 1 We are asked to determine whether the superior court erred when it granted a new trial to Steven Lynn Rhodes ("Defendant") after his conviction for sexual conduct with a minor. For the reasons that follow, we affirm the grant of a new trial.

## FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 Defendant was convicted of oral sexual contact with a nine-year-old girl, at his sister-in-law's home after a family Halloween party in 2003. The victim testified that she had been sleeping on a couch and rolled off. Defendant then pulled down her pants and put his mouth on her vagina.

¶ 3 The victim did not tell anyone about the incident at the time. She recalled that in 2005 she told two girlfriends, N. and R., that her "biggest secret" was that she had been "sexually abused." The girls testified that the victim told them her secret, but they did not say what she had told them. At the insistence of her friends, the victim told her mother about the incident two weeks later.

¶ 4 Although the victim did not recall telling V., another girlfriend, about the incident, the State played a videotaped police interview of V. in lieu of her testimony.[1] V. recalled that six months after the incident the victim told her what happened. V. recalled that the victim had told her that Defendant put his hand up her shirt, but not on her legs. She said, however, she might be wrong about the details.

¶ 5 The victim's mother, with police assistance, initiated two recorded confrontation calls to Defendant. He alternately denied and admitted the allegation, and apologized to the victim. Defendant testified at trial and denied the incident happened. He explained that the affirmative responses he made in the confrontation calls were not responses to the allegations of misconduct but efforts to placate the mother to get off the telephone and responses to other questions he thought the mother was asking.

¶ 6 Before trial, Defendant filed a motion in limine that sought to have three longtime friends and his wife testify about his reputation for sexual normalcy, and their observa-

---

1. V. had been subpoenaed to appear as a trial witness by both the State and Defendant. V.'s father, however, refused to bring his daughter to Phoenix from their vacation home until after the trial was expected to end. The parties, as a result, stipulated to the admission of V.'s videotaped interview.

tions that his conduct around children was appropriate pursuant to Arizona Rules of Evidence 404(a)(1) and 405(a). The court denied his motion because Rule 405(b) permitted proof of specific instances of conduct only when the character or trait of character is an "essential element" of a charge, claim or defense. The court found that neither "Defendant's sexual normalcy or sexual deviancy" nor "evidence that Defendant has not previously molested other children or that Defendant has not acted inappropriately with other children" were " 'essential elements' of the charge of sexual conduct with a minor and, accordingly, such evidence is not proper character evidence under the Arizona Rules of Evidence." The court precluded the evidence in its entirety, finding "such evidence to not be relevant to whether Defendant committed the offense of sexual conduct with a minor on 10/31/2003."

¶ 7 After he was convicted, Defendant filed a motion for a new trial on grounds of insufficiency of evidence, juror misconduct, and the improper exclusion of character and reputation evidence of sexual normalcy. After argument, the court granted Defendant's motion. The court found that the pre-trial ruling excluding Defendant's character evidence should have been reconsidered during trial based on the developing evidence. The court stated:

> So I believe that as a matter of law, the exclusion of evidence of the element of the crime, which was deviant sexual behavior with a child, was the wrong decision. I believe that character evidence should have been allowed in order to give due process to the defendant. And I do believe it's an element of the crime. I believe that it is something that can be shown by testimony. I believe the State can impeach any such testimony by asking about particular acts that refute or—well, that refute sexual normalcy, but at this time I feel that that is a rule of law that

was denied to the defendant and because I believe I erred in not changing the decision on that motion in limine during trial while hearing the evidence, I'm granting Ms. Westerhausen's motion for a new trial.

The State appeals and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1) (2003) and 13–4032(2) (2001).

## DISCUSSION

¶ 8 The State argues that the superior court erred as a matter of law when it granted the new trial because Arizona law does not allow character testimony on whether a defendant is sexually normal.[2]

¶ 9 Arizona Rule of Criminal Procedure 24.1 provides, in pertinent part, that a court may grant a new trial if "[t]he court has erred in the decision of a matter of law." Ariz. R.Crim. P. 24.1(c)(4). We review a trial court's decision granting a new trial for abuse of discretion. *State v. Melcher*, 15 Ariz.App. 157, 158 n. 1, 487 P.2d 3, 4 n. 1 (1971).

¶ 10 The constitutional right to due process guarantees a criminal defendant "a meaningful opportunity to present a complete defense." *California v. Trombetta*, 467 U.S. 479, 485, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). "When presenting his case, the defendant may offer evidence of his good character as substantive evidence from which the jury may infer that he did not commit the crime charged." *State v. Lopez*, 174 Ariz. 131, 139, 847 P.2d 1078, 1086 (1992) (holding that it was error to preclude testimony, in a murder and child abuse trial, that defendant was "a non-violent individual who was caring when dealing with children"). Character evidence alone, in some circumstances, may be sufficient to raise a reasonable doubt as to guilt. *Michelson v. United States*, 335 U.S. 469, 476, 69 S.Ct. 213, 93 L.Ed. 168 (1948). Testimony as to reputation or opinion of good

---

**2.** Defendant also argues on appeal that the judge granted the new trial on the alternative ground that his confrontation rights were violated by the introduction of V.'s videotaped interview. Although the State did not respond to the argument, we will not treat it as a confession of error simply because it is unclear that the judge in-

tended by her comments to outline an alternative basis for the new trial. *See State ex rel. McDougall v. Superior Court*, 174 Ariz. 450, 452, 850 P.2d 688, 690 (App.1993) (noting that the appellate court may decline to consider a failure to file an answering brief as a confession of error based on its reading of the record).

character is admissible as long as it pertains to a trait involved in the charge. *See Lopez,* 174 Ariz. at 139, 847 P.2d at 1086; *see also* Ariz. R. Evid. 404(a)(1) (providing for the admissibility of "[e]vidence of a pertinent trait of character offered by an accused"); Ariz. R. Evid. 405(a) ("In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion.").

¶ 11 Defendant was charged with sexual conduct with a minor in violation of A.R.S. section 13–1405 (2001), specifically, oral sexual contact with a person under the age of fifteen. "Oral sexual contact" is defined in pertinent part as "oral contact with the ... vulva." A.R.S. § 13–1401(1) (2001). As set forth in his motion, Defendant's character witnesses would have testified that he had a reputation for sexual normalcy, and as to their opinion, that they had observed his "conduct around children, and that it was appropriate." In short, they would have testified that, by reputation, and in their opinion, Defendant's character was not of the nature such that he would engage in sexual conduct with a child.

¶ 12 We hold that Defendant's sexual normalcy, or appropriateness in interacting with children, is a character trait, and one that pertains to charges of sexual conduct with a child. *See People v. McAlpin,* 53 Cal.3d 1289, 283 Cal.Rptr. 382, 812 P.2d 563, 575 (1991) (holding that lay opinion testimony that a defendant was "not a person given to lewd conduct with children" was admissible character evidence in a prosecution for child molestation); *State v. Enakiev,* 175 Or.App. 589, 29 P.3d 1160, 1163 (2001) (holding that evidence of a person's character for sexual propriety is admissible in a prosecution for harassment by touching the sexual or inti- mate parts of another); *Wheeler v. State,* 67 S.W.3d 879, 882 (Tex.Crim.App.2002) (noting that a defendant is allowed "to proffer evidence of his good character (or propensity) for moral and safe relations with small children or young girls" in a molestation case); *cf.* Ariz. R. Evid. 404(c) (allowing the State to introduce evidence of specific instances of conduct in sexual offense cases "if relevant to show that the defendant *had a character trait* giving rise to an aberrant sexual propensity to commit the offense charged") (emphasis added).

¶ 13 The State argues that lay opinion about Defendant's sexual normalcy necessarily invades the province of the jury or constitutes an improper comment on the credibility of the witnesses. It is well-established that an expert witness may not opine on the victim's credibility,[3] or that the victim's behavior was consistent with a defendant having committed the offense,[4] because such evidence would usurp the function of the jury. Lay witness opinion and reputation testimony that defendant was sexually normal, and conducted himself appropriately around children, however, would not deprive the jury of its role in evaluating credibility and guilt or innocence.

¶ 14 We also reject the State's argument that the sole mechanism under Arizona law to introduce character evidence in sexual misconduct cases is Rule 404(c), and only after the State has first sought to admit evidence demonstrating the Defendant's aberrant sexual propensity. Rule 404(a)(1) provides an exception to the preclusion of propensity evidence in the case of "[e]vidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same, *or* evidence of the aberrant sexual propensity of the accused or a civil defendant pursuant to Rule 404(c)." Ariz. R.

**3.** *See State v. Lindsey,* 149 Ariz. 472, 474–75, 720 P.2d 73, 75–76 (1986) (holding that the trial court abused its discretion in allowing an expert to testify regarding the percentage of incest victims who lie); *State v. Tucker,* 165 Ariz. 340, 350, 798 P.2d 1349, 1359 (App.1990) (holding that the trial court abused its discretion in admitting expert testimony as to the believability of the victim).

**4.** *See State v. Moran,* 151 Ariz. 378, 386, 728 P.2d 248, 256 (1986) (holding that the trial court abused its discretion in admitting expert testimony that "the victim's behavior was consistent with the abuse having occurred"); *cf. State v. Hardwick,* 183 Ariz. 649, 653–54, 905 P.2d 1384, 1388–89 (App.1995) (holding that evidence on "child molester profile" was improperly admitted absent expert testimony or foundation on the reliability of the source).

Evid. 404(a)(1) (emphasis added). By its terms, the rule allows Defendant to introduce evidence of a "pertinent trait of character" pursuant to this section, or, alternatively, pursuant to Rule 404(c), to rebut the State's evidence of specific instances of conduct showing that he had a character trait giving rise to an aberrant sexual propensity. *See* Ariz. R. Evid. 404(a)(1). In short, Rule 404(c) supplements Evidence Rule 404(a)(1) in sexual misconduct cases, but does not supersede it.

¶ 15 The trial court, in ruling on the motion in limine, erroneously precluded the witnesses' opinions on Defendant's character trait for sexual normalcy, relying on Rule 405(b), which permits proof of specific instances of conduct only when the character or trait of character is an "essential element" of a charge, claim or defense. In his motion, Defendant had sought only to offer opinion and reputation testimony as to his sexual normalcy pursuant to Rule 405(a), albeit based on the witnesses' observations of his conduct around children. A defendant is allowed to offer opinion and reputation testimony, as long as the character trait is "pertinent" to the charge, as it is in this case. Ariz. R. Evid. 404(a)(1), 405(a). The pre-trial ruling was, therefore, incorrect as a matter of law to the extent it summarily excluded the proffered opinion and reputation testimony. The trial judge, as a result, did not abuse her discretion when she granted a new trial on the basis that the pre-trial ruling was erroneous on a matter of law. *See* Ariz. R.Crim. P. 24.1(c)(4).

¶ 16 To the extent that the trial judge characterized sexual deviancy as an "element of the crime" in granting the new trial, however, she erred. Although sexual normalcy is pertinent to the charged offense, sexual deviancy is not an element of the crime of, and sexual normalcy is not an element of the defense to, sexual conduct with a minor. *See* A.R.S. § 13-1405 ("A person commits sexual conduct with a minor by intentionally or knowingly engaging in . . . oral sexual contact with any person who is under eighteen years of age."); A.R.S. § 13-1407(E) (Supp.2007) (identifying lack of sexual interest as a defense only to charges of sexual abuse (§ 13-1404) and molestation

(§ 13-1410)). Moreover, it is only if the character trait were an "essential element" of the crime or defense, which it clearly is not in this case, *cf. id.*, or to rebut Rule 404(c) evidence, that Defendant would be able to offer evidence of specific instances of conduct pursuant to Rule 405(b). *See* Ariz. R. Evid. 405(b) ("In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, or pursuant to Rule 404(c), proof may also be made of specific instances of that person's conduct."). Accordingly, although Defendant's witnesses may testify that their opinions as to his sexual normalcy were based on their observations of his appropriate behavior with children, they may not testify as to specific acts or instances of Defendant's conduct pursuant to Rule 405(b).

## CONCLUSION

¶ 17 Based on the foregoing, the trial court did not abuse its discretion in granting the Defendant a new trial. Accordingly, we affirm the trial court's ruling.

CONCURRING: PHILIP HALL, Presiding Judge and JOHN C. GEMMILL, Judge.