212 P.3d 34

**STATE of Arizona, Appellee,**

v.

**Richard Robert ROMAR, Appellant.**

**No. 1 CA–CR 08–0049.**

Court of Appeals of Arizona, Division 1, Department C.

Feb. 5, 2009.

---

Terry Goddard, Attorney General By Kent E. Cattani, Chief Counsel, Criminal Appeals Section/Capital Litigation Section and Julie A. Done, Assistant Attorney General, Phoenix, Attorneys for Appellee.

The Gillespie Law Firm PC By Craig C. Gillespie, Karyn E. Klausner, Dave Roscoe, Phoenix, Attorneys for Appellant.

**OPINION**

HALL, Judge.

¶ 1 Richard Robert Romar (defendant) appeals his convictions and sentences for molestation of a child, sexual conduct with a minor under fifteen years of age, and continuous sexual abuse of a child. He argues that the trial judge abused his discretion by ruling that the prosecutor would be allowed to cross-examine his character witnesses on his twenty-two-year-old convictions for sexual abuse.[1] Because defendant did not call any character witnesses to testify at trial, we hold that he waived any error in the trial court's ruling.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶ 2 Before trial, defendant filed a motion to preclude evidence of his prior felony convictions as impeachment under Arizona Evidence Rule (Rule) 609, should he decide to testify. The State responded that it did not intend to use the prior convictions to impeach defendant because "[e]ven considering [the] time spent incarcerated, the conviction is far greater than 10 years old," and thus too remote under Rule 609(b) to be used to impeach defendant's credibility. The judge accordingly granted defendant's motion to preclude the use of the prior convictions to impeach defendant's credibility.

¶ 3 The judge also granted defendant's pretrial motion to preclude the introduction of the prior felony convictions under Rule 404(c) to show that defendant had a character trait giving rise to an aberrant sexual propensity to commit the charged offenses. The judge reasoned that a conviction for sexual abuse did not by its terms apply only to victims under the age of fifteen years,[2] and thus it was the conduct, and not the conviction, that might be probative of defendant's propensity to sexually abuse young victims.[3]

1. Defendant also claims, on appeal, that he was denied his right to due process. He did not raise this issue below and we therefore do not address it. *State v. Lefevre*, 193 Ariz. 385, 389, ¶ 15, 972 P.2d 1021, 1025 (App.1998) (explaining the "failure to raise a claim at trial waives appellate review of that claim, even if the error is of constitutional dimension").

2. Sexual abuse under Arizona Revised Statutes (A.R.S.) section 13–1404, then and now, can be

committed either against a person under the age of fifteen, or against a person over fifteen years of age, without consent. *See* A.R.S. § 13–1404 (2001) and (Supp.2008).

3. At the hearing, the judge admitted the 1985 minute entry showing entry of judgment on two counts of sexual abuse pursuant to a plea agreement, and the prison pen pack, but the State did not offer any evidence regarding the underlying conduct beyond the indictment itself, which

In any case, he reasoned, the prior conduct was so remote in time that ordinarily, expert testimony would be necessary to show that the prior conduct provided a reasonable basis to support a finding that a defendant had an "aberrant sexual propensity to commit these types of crimes." The judge accordingly granted defendant's motion to preclude proof of the prior convictions for two counts of sexual abuse, finding that the probative value of the convictions for sexual abuse "without anything else" would be substantially outweighed by the risk of unfair prejudice.

¶ 4 The State subsequently filed a motion to allow it to cross-examine defendant's character witnesses pursuant to Rules 404(a)(1) and 405(a) as to whether they knew of defendant's "two 1985 felony convictions for sexual abuse, involving children," and of the requirement that he register as a sex offender. This issue first arose at the previous hearing when defendant announced that he anticipated calling eight to ten character witnesses. The prosecutor noted at the time that he would "at least be asking [the character witnesses] in interviews as to whether or not they know about the conviction, you know. And if they do, then, you know, that's something that I might seek to introduce ... But I would have to file something once I knew from interviews what would be said." In a subsequent written motion, the State argued that defendant's witnesses "will attest to defendant's good character and that he is 'safe' around young children," and that the proposed cross-examination on the prior sexual abuse convictions and requirement to register as a sex offender was appropriate under Rules 404(a)(1) and 405(a) to rebut such testimony. *See* Rule 405(a) (permitting character witnesses to be cross-examined on "relevant specific instances of conduct"). Defendant orally opposed the motion, arguing only that the prior conviction was too remote, and therefore "too misleading ... too prejudicial." The judge ruled that the State could not ask the character witnesses whether they knew defendant was required to register as a sex offender because the unfair prejudice would substantially outweigh any probative value. The judge preliminarily expressed

concern about the age of the prior convictions, but reasoned that "because of the nature of the case and the nature of the proposed [ ] testimony of those witnesses who would be asked about these prior convictions [ ] it may not be unfair prejudice...." The judge subsequently ruled that the State could ask defendant's character witnesses whether they knew he had "two prior felony convictions, but not specifying the name or nature of the offenses unless the character witnesses have offered their opinion that he would not commit such a crime." Defendant had previously announced that if the judge ruled that his character witnesses could be questioned about the prior convictions, he would cancel his witnesses. At trial, he did not call any character witnesses.

## DISCUSSION

■■■ ¶ 5 Defendant now asks this court to reverse his conviction on the ground that the trial judge abused his discretion by ruling that the State could cross-examine his character witnesses on his twenty-two-year-old felony convictions. "Cross-examination of a character witness about specific instances of conduct is permitted under Rule 405(a) so that the jury can evaluate whether the witness's opinion concerning the character trait is well-founded." *State v. Rockwell,* 161 Ariz. 5, 10–11, 775 P.2d 1069, 1074–75 (1989) (holding that the prosecutor was entitled to ask defendant's character witnesses, who attested to defendant's untruthfulness and propensity "to fabricate stories, of criminal exploits," whether he had boasted of two crimes that he had in fact committed); *see State v. Lopez,* 174 Ariz. 131, 139, 847 P.2d 1078, 1086 (1992) (holding that it was harmless error in felony murder and child abuse case to preclude appellant from offering character witnesses in part because the prosecutor would have been permitted to ask if they were aware that he had been convicted for child molestation). Ordinarily we review a trial court's decision to allow cross-examination of a character witness on specific instances of conduct for an abuse of discretion. *State v. Jimenez,* 115 Ariz. 58, 59, 563 P.2d 313, 314 (App.1977) (holding that judge "wisely exer-

charged two counts of molestation of a child    under fifteen years of age.

cised her discretion" in ruling that a nearly fifteen-year-old felony conviction was too remote solely for purpose of impeaching defendant's credibility, but allowing its use on cross-examination of defendant to rebut his character witnesses); *see also State v. Romero*, 130 Ariz. 142, 145, 634 P.2d 954, 957 (1981) (commenting that trial court could have allowed prosecutor to ask appellant's character witnesses if they had heard of his prior arrest for sexual offenses). Defendant in effect asks this court to rule as a matter of law that it is reversible error for a judge to rule before trial that a prosecutor may cross-examine a defendant's character witnesses on a twenty-two-year-old conviction, once the judge precludes admission of the same conviction as too remote to allow its use for impeachment of defendant's credibility under Rule 609(b) or as evidence of defendant's aberrant sexual propensity under Rule 404(c).

¶ 6 We decline to do so. By failing to call his character witnesses, forcing us to speculate as to what precisely the witnesses would have testified had they in fact appeared, what the prosecutor would have ultimately asked, and how the judge would have finally ruled, defendant failed to preserve his claim of error. The policy reasons behind the long-established rule that a defendant who chooses not to testify cannot claim error in a ruling allowing him to be impeached with his prior conviction apply with equal force to a ruling on the use of prior convictions to rebut character witnesses. *See State v. Smyers*, 207 Ariz. 314, 316–18, ¶¶ 5–15, 86 P.3d 370, 372–74 (2004) (and cases cited therein).

¶ 7 This rule, an exception to the general rule that a motion in limine preserves an issue for appeal,[4] was first adopted in Arizona more than forty years ago in a case in which a defendant argued, in the same vein as defendant argues in this case, that the denial of his motion to preclude the use of his prior felony conviction "prevented him from taking the witness stand and testifying on his

own behalf." *Smyers*, 207 Ariz. at 316, ¶ 6, 86 P.3d at 372 (citing *State v. Barker*, 94 Ariz. 383, 385, 385 P.2d 516, 517 (1963)). Our supreme court soundly rejected this argument as based on assumptions about what might take place at trial, requiring it to rule on an incomplete record, and held that a defendant would have to testify in order to preserve this claim of error. *Barker*, 94 Ariz. at 386, 385 P.2d at 518.

¶ 8 The United States Supreme Court reached the same conclusion when it examined the issue twenty years later. *See Luce v. United States*, 469 U.S. 38, 43, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). The Supreme Court identified a litany of policy reasons behind the requirement that a defendant testify in order to preserve a claim of error in an adverse pretrial ruling allowing him to be impeached by a prior conviction, which our supreme court reiterated in a recent opinion reaffirming the validity of this rule, as follows: 1) a "reviewing court is handicapped in any effort to rule on subtle evidentiary questions outside a factual context," and the absence of actual testimony prevents the court from balancing the probative value against the prejudicial effect; 2) any harm to defendant from use of the conviction is speculative because the trial court's ruling is subject to change as the case unfolds, and the reviewing court cannot know whether the prosecutor would actually have sought to impeach with the prior conviction; 3) because a defendant's decision on whether to testify rarely turns on one factor, the reviewing court cannot assume that the adverse ruling was the sole motivation for his failure to testify; and 4) a reviewing court could not determine if any error is harmless, because "almost any error would result in the windfall of automatic reversal; the appellate court could not logically term 'harmless' an error that presumptively kept the defendant from testifying." *Smyers*, 207 Ariz. at 316, ¶¶ 8–9, 86 P.3d at 372 (quoting *Luce*, 469 U.S. at 41–42, 105 S.Ct. 460). Since *Luce*, our supreme court

---

4. *See State v. Allie*, 147 Ariz. 320, 327, 710 P.2d 430, 437 (1985) (holding that the general rule that a defendant does not waive his right to appeal by altering his trial strategy after receiving an adverse ruling on a pretrial motion was not applicable to an adverse ruling on the use of prior convictions to impeach a defendant, and under those circumstances, a "defendant must take the stand before he can challenge an adverse pretrial ruling allowing prior convictions to be admitted for impeachment").

has extended the rule to encompass the use, for impeachment purposes, of involuntary statements and statements obtained in violation of *Miranda. See State v. Gonzales*, 181 Ariz. 502, 512, 892 P.2d 838, 848 (1995); *State v. Conner*, 163 Ariz. 97, 102–03, 786 P.2d 948, 953–54 (1990).[5]

¶ 9 The policy reasons behind this rule apply equally to bar defendant from urging error in the judge's conditional ruling on cross-examination of character witnesses, none of whom testified at trial. Application of the rule is especially warranted on the circumstances in this case, in which the judge advised that he would allow the prosecutor to ask about the specific nature of the conviction in this case, sexual abuse of a child, only if the witnesses testified that defendant would never commit a crime against a child, not if the witnesses testified only that defendant was a "good guy."[6] Asked for clarification, the judge noted that his rulings would depend on how the witnesses testified, as the case unfolded at trial. Under these circumstances, the judge's pretrial ruling by its terms was a conditional ruling, based on purely hypothetical testimony. Any review by this court would require us to speculate about what would have happened had the character witnesses testified, had the prosecutor attempted to impeach them, and had the judge adhered to his pretrial ruling. The policy reasons enunciated in *Luce*, and reiterated in *Smyers*, for refusing to rule on an adverse pretrial ruling on impeachment of a defendant by his prior conviction if the defendant fails to testify, are equally applicable to an adverse pretrial ruling on cross-examination of character witnesses. On these facts, we hold that defendant failed to pre-

serve his claim of error, and we decline to consider it. *See Smyers*, 207 Ariz. at 316–18, ¶¶ 5–15, 86 P.3d at 372–74; *see also United States v. Coumaris*, 399 F.3d 343, 348 (D.C.Cir.2005) (holding defendant "waived his objection" to the trial court's pretrial ruling allowing the state to cross-examine the defendant's character witnesses about his prior bad acts when the defendant elected not to call the character witnesses at trial); *State v. Wilson*, 509 So.2d 1281, 1281–82 (Fla.App.1987) (same).

## CONCLUSION

¶ 10 For the foregoing reasons, we affirm defendant's convictions and sentences.

CONCURRING: MAURICE PORTLEY, Judge and MICHAEL J. BROWN, Judge.

---

**5.** As support for his argument, defendant relies on two cases from New Jersey and Pennsylvania, *State v. Campbell*, 212 N.J.Super. 322, 514 A.2d 1357 (1986), and *Commonwealth v. Farrior*, 312 Pa.Super. 408, 458 A.2d 1356 (1983). Because those states do not follow *Luce* and adhere to a different procedural framework than Arizona, we do not find them persuasive here. *See State v. Whitehead*, 104 N.J. 353, 517 A.2d 373, 375–77 (1986); *Commonwealth v. Richardson*, 347 Pa.Super. 564, 500 A.2d 1200, 1203–04 (1985).

**6.** Rule 404(a)(1) allows an accused to present "[e]vidence of a *pertinent* trait of character[.]"

(Emphasis added.) We are not called upon in this case to decide whether evidence of general "good character" is a pertinent trait of character for someone charged with sexual offenses against children. *See State v. Rhodes*, 219 Ariz. 476, 479, 200 P.3d 973, 976 (Ariz.App. 2008) (holding that opinion and reputation evidence regarding sexual normalcy was admissible as evidence of a pertinent trait of character of defendant charged with sexual offenses against children); *see also State v. Martinez*, 145 N.M. 220, 195 P.3d 1232, 1240 (2008) ("By limiting character testimony to a 'pertinent' trait, Rule 404(a)(1) has confirmed that character evidence must relate to a specific relevant trait in order to be admissible.").