IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

THE STATE OF ARIZONA,              )
                                   )        2 CA-CR 2012-0003
                      Appellee,    )        DEPARTMENT B
                                   )
           v.                      )        O P I N I O N
                                   )
ANTHONY DURAN,                     )
                                   )
                      Appellant.   )
                                   )

APPEAL FROM THE SUPERIOR COURT OF COCHISE COUNTY

Cause No. CR201100113

Honorable Wallace R. Hoggatt, Judge

AFFIRMED

Thomas C. Horne, Arizona Attorney General
  By Kent E. Cattani, Joseph T. Maziarz,
    and Kathryn A. Damstra                                          Tucson
                                                      Attorneys for Appellee

The Law Office of Robert J. Trebilcock
  By Robert J. Trebilcock                                          Phoenix
                                                      Attorney for Appellant

V Á S Q U E Z, Presiding Judge.

¶1 After a jury trial, Anthony Duran was convicted of three counts of aggravated assault and one count of first-degree burglary. The trial court sentenced him to concurrent, minimum prison terms, the longest of which was seven years. On appeal, Duran argues the court erred by denying his pretrial motion to preclude the state from using statements he had made at the change-of-plea hearing for impeachment purposes at trial. He also contends the court erred by denying his motion for a new trial on the same grounds. For the reasons stated below, we affirm.

**Factual and Procedural Background**

¶2 We view the facts in the light most favorable to sustaining Duran's convictions. *See State v. Haight-Gyuro*, 218 Ariz. 356, ¶ 2, 186 P.3d 33, 34 (App. 2008). Late in the evening on February 3, 2011, M.R. was alone at the house she shared with her daughter and son-in-law when she heard knocking at both the front and back doors and the burglar alarm sounding. M.R. opened the front door and recognized Duran and Chris Robles, both of whom lived in the area. Duran, Robles, and a third man, Javier Arizmendiz, had gone to the house to get some marijuana. Although M.R. could not remember much of what happened next, she recalled that one of the men struck her twice in the head "with some kind of a stick or bat." After Duran and the others left, M.R. walked to a neighbor's house for help, and the neighbor called 9-1-1. M.R. had a wound near the top of her head and was bleeding from another large wound on her forehead.

¶3 Duran was charged by information with three counts of aggravated assault and one count of first-degree burglary. He initially agreed to plead guilty pursuant to a plea agreement to one count of attempted aggravated assault in exchange for dismissal of

2

the remaining charges. At the change-of-plea hearing, Duran acknowledged being present at M.R.'s house on February 3 and stated he was an accomplice to the assault.[1] However, in his interview for the presentence report, Duran denied any participation in the incident. The trial court ultimately rejected the plea agreement, and the matter proceeded to trial.

¶4 Duran filed a motion in limine to preclude the state from using the statements he had made during the change-of-plea hearing. After hearing argument, the court granted Duran's motion to preclude the state from introducing his statements as part of its case-in-chief or to impeach his witnesses. However, the court ruled that if Duran testified inconsistently, the state would be permitted to introduce the statements for impeachment purposes. Duran did not testify at trial.

¶5 The jury returned guilty verdicts on all counts. After his convictions, Duran filed a motion for a new trial pursuant to Rule 24.1, Ariz. R. Crim. P., arguing, in part, the trial court erred in ruling that the state could use his change-of-plea statements if he testified in his own defense. The court ultimately determined Duran's "motion was filed too late and, therefore, it d[id] not have any jurisdiction to grant [it]." But the court sua sponte considered the merits of Duran's argument because it "ha[d] concerns about whether it did the right thing in its ruling prior to trial." After hearing argument, the court nevertheless declined to grant a new trial. Despite believing its pretrial ruling was

---

[1]Although Duran failed to include the relevant transcripts in the record on appeal, *see State v. Lavers*, 168 Ariz. 376, 399, 814 P.2d 333, 356 (1991) (defendant's duty to provide necessary documents on appeal), the state does not dispute that these statements were made at the change-of-plea hearing.

3

erroneous, the court concluded that Duran had not been "prejudiced or legally harmed" because he had not testified at trial and the statements at issue had not been introduced into evidence.

¶6 Duran was sentenced as described above, and this appeal followed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## Discussion

¶7 Duran challenges the trial court's pretrial ruling allowing the state to impeach him with statements made during the change-of-plea proceedings. He further contends the court erred by denying his motion for a new trial on the same grounds. We review evidentiary rulings and rulings on motions for a new trial for an abuse of discretion. *State v. Ellison*, 213 Ariz. 116, ¶ 42, 140 P.3d 899, 912 (2006); *State v. Jones*, 197 Ariz. 290, ¶ 32, 4 P.3d 345, 359 (2000). A court abuses its discretion when it makes a legal error, *State v. Rubiano*, 214 Ariz. 184, ¶ 5, 150 P.3d 271, 272 (App. 2007), but absent prejudice, an erroneous ruling does not require reversal on appeal, *State v. Ayala*, 178 Ariz. 385, 387, 873 P.2d 1307, 1309 (App. 1994).

¶8 Citing Rule 410, Ariz. R. Evid., and Rule 17.4(f), Ariz. R. Crim. P., Duran contends the trial court's pretrial ruling "was in contradiction to the law" and "improperly infringed on [his] strategic decision to testify in his own defense." Duran also asserts the court "improperly denied [his] motion for new trial by[] finding harmless error only because [he] did not testify at trial." In response, the state maintains that even if the

4

pretrial ruling was erroneous, Duran "waived any error . . . by failing to testify." Accordingly, the state contends the court properly denied Duran's motion for a new trial.[2]

¶9 Generally, a motion in limine preserves an issue for appeal. *State v. Romar*, 221 Ariz. 342, ¶ 7, 212 P.3d 34, 37 (App. 2009). An exception exists when "a defendant must take the stand before he can challenge an adverse pretrial ruling." *State v. Allie*, 147 Ariz. 320, 327, 710 P.2d 430, 437 (1985); *see also State v. Barker*, 94 Ariz. 383, 386, 385 P.2d 516, 518 (1963). If a defendant chooses not to testify in that situation, he fails to preserve the claim of error and waives appellate review. *Allie*, 147 Ariz. at 327, 710 P.2d at 437.

¶10 Similarly, in *Luce v. United States*, the Supreme Court held that "to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify," 469 U.S. 38, 43 (1984), and identified a "litany of policy reasons" supporting the rule, *Romar*, 221 Ariz. 342, ¶ 8, 212 P.3d at 37. First, the Court noted that without the defendant's testimony, a reviewing court is "handicapped" in weighing the probative value of a prior conviction against the prejudicial effect to the defendant. *Luce*, 469 U.S. at 41. Second, any possible harm is "wholly speculative" because the trial court's ruling is subject to change as the case unfolds and the reviewing court has no way of knowing if the prosecutor actually would have sought to impeach

---

[2]The state also argues the trial court properly denied Duran's motion because it was untimely, a determination Duran has not challenged on appeal. However, we need not address this argument because we necessarily reach the merits of the court's decision as part of our discussion on the pretrial ruling, and we can affirm on any basis supported by the record. *See State v. Wassenaar*, 215 Ariz. 565, ¶ 50, 161 P.3d 608, 620 (App. 2007).

with the prior conviction. *Id.* at 41-42. Moreover, because a defendant's "decision whether to testify seldom turns on the resolution of one factor, a reviewing court cannot assume that the adverse ruling motivated a defendant's decision not to testify." *Id.* at 42 (internal citation omitted). Finally, the Court pointed out that, in this situation, a reviewing court cannot determine if any error is harmless because it "could not logically term 'harmless' an error that presumptively kept the defendant from testifying." *Id.*

¶11        Our supreme court "has consistently applied the *Allie* rule but also has extended its reasoning to the use, for impeachment purposes, of involuntary statements and statements made in violation of *Miranda*."[3] *State v. Smyers*, 207 Ariz. 314, ¶ 14, 86 P.3d 370, 373 (2004). And this court recently applied the rule and its underlying reasoning to a challenge of a pretrial ruling allowing the state to use the defendant's prior convictions to impeach a character witness. *See Romar*, 221 Ariz. 342, ¶ 9, 212 P.3d at 38. We conclude the policy reasons behind the *Allie* rule apply with equal force to the trial court's ruling in this case. Because Duran failed to testify, he has not preserved for our review the pretrial ruling permitting the state to use his change-of-plea statements for impeachment.

¶12        But Duran argues it was not necessary for him to testify in order to preserve this issue for appeal. He contends that although other cases, which involve prior convictions and *Miranda* violations, require the trial court to balance the probative value and prejudicial impact, no such balancing is required where, as here, the statements were

---

[3]*Miranda v. Arizona*, 384 U.S. 436 (1966).

made during change-of-plea proceedings. Rather, he maintains the court's ruling here "clearly violates the rules of procedure" and his testimony is not necessary to make that determination.

¶13        Rule 410 provides as follows:

> Except as otherwise provided by applicable Act of Congress, Arizona statute, or the Arizona Rules of Criminal Procedure, evidence of a plea of guilty, later withdrawn, or a plea of nolo contendere or no contest, or an offer to plead guilty, nolo contendere or no contest to the crime charged or any other crime, or of statements made in connection with any of the foregoing pleas or offers is not admissible against the person who made the plea or offer in any civil or criminal action or administrative proceeding.

Similarly, Rule 17.4(f),[4] which specifically pertains to plea negotiations and agreements, provides as follows:

> When a plea agreement or any term thereof is accepted, the agreement or such term shall become part of the record. However, if no agreement is reached, or if the agreement is revoked, rejected by the court, or withdrawn or if the judgment is later vacated or reversed, neither the plea discussion nor any resulting agreement, plea or judgment, nor statements made at a hearing on the plea, shall be admissible against the defendant in any criminal or civil action or administrative proceeding.

Both these rules "plainly preclude[] the state from using statements a defendant made during 'the plea discussion,' that is, statements made in a discussion that precedes the plea agreement and anything in the agreement itself, as well as statements made during a

---

[4]Although the current versions of Rules 410 and 17.4(f) have been amended to conform to their federal counterparts, we quote the version of the rules in effect at the time of Duran's trial. *See* Ariz. R. Evid. 410 2012 cmt.

change-of-plea hearing." *State v. Campoy*, 220 Ariz. 539, ¶¶ 13-14, 207 P.3d 792, 797-98 (App. 2009); *see also State v. Vargas*, 127 Ariz. 59, 61, 618 P.2d 229, 231 (1980) (holding Rules 410 and 17.4(f) preclude impeaching defendant with "statements made in the expectation of a plea agreement," including "document . . . signed during plea negotiations").

¶14 We agree that because Duran's statements made during the change-of-plea hearing fall squarely within the scope of Rules 410 and 17.4(f), the trial court erred by allowing the state to use them to impeach Duran. We can make this determination on appeal despite Duran's lack of testimony because it rests on legal, not factual, considerations. *See Luce*, 469 U.S. at 44 (Brennan, J., concurring). Nevertheless, we must consider whether the error was harmless. *See id.* at 42. Under the harmless-error standard of review, we must determine if the state has proven beyond a reasonable doubt that the error did not contribute to or affect the verdict. *State v. Henderson*, 210 Ariz. 561, ¶ 18, 115 P.3d 601, 607 (2005).

¶15 Contrary to Duran's assertion, his decision to not testify—and thus the absence of his statements from the record—renders this inquiry "wholly speculative." *Luce*, 469 U.S. at 41; *see also State v. Gonzales*, 181 Ariz. 502, 512, 892 P.2d 838, 848 (1995) ("[P]rejudice is hypothetical when the defendant does not testify."). In effect, Duran is asking us to assume that, had he testified, the state would have used his statements from the change-of-plea proceedings to impeach him and that the trial court would have adhered to its initial ruling. *See Barker*, 94 Ariz. at 386, 385 P.2d at 518. We will not do so.

¶16 Duran also argues that when a defendant alters his trial strategy, electing not to testify because of a trial court's ruling, he should not lose his right to appeal. Although Duran claims the trial court's ruling was the "primary factor" in his decision not to testify, he made no such record before or during trial. *See Luce*, 469 U.S. at 42 (we cannot assume adverse ruling solely motivated defendant's decision not to testify). And a defendant cannot "alter his trial strategy *by not taking the stand* and still preserv[e] his right to appeal." *Allie*, 147 Ariz. at 327, 710 P.2d at 437. Indeed, requiring a defendant to testify prevents him from manufacturing a basis for appeal by falsely alleging that the threat of impeachment deterred him from taking the stand. *State v. Conner*, 163 Ariz. 97, 102, 786 P.2d 948, 953 (1990).

¶17 Citing Duran's failure to testify, the trial court properly refused to grant a new trial because it could not conclude he had been "prejudiced or legally harmed" by its pretrial ruling. Duran nevertheless suggests we should remand this case for clarification because, when addressing the motion for a new trial, the court "misremembered its own ruling." At the hearing on the motion for a new trial, the court mistakenly stated that it had ruled the state could impeach Duran with statements he had made during the interview for the presentence report, not statements he had made at the change-of-plea hearing. But the court's mistaken belief had no effect on its denial of Duran's request for a new trial. Rather, the court refused to order a new trial because Duran did not testify at trial and it thus could not determine if he had been "prejudiced or legally harmed."

**Disposition**

¶18        For the foregoing reasons, Duran's convictions and sentences are affirmed.

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge

CONCURRING:

/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Judge

/s/ *Philip G. Espinosa*
PHILIP G. ESPINOSA, Judge