This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                    **NO. 31,796**

**JAMES BENTLEY NEWELL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**Louis P. McDonald, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Sri Mullis, Assistant Attorney General
Albuquerque, NM

for Appellee

Alex Chisholm
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

{1}    Defendant James Bentley Newell appeals his conviction for third degree criminal sexual contact of a minor (CSCM). Defendant contends on appeal that the district court erroneously excluded a photograph of the minor victim (Victim) and the testimony of a defense witness, Jessica Borrego (Borrego). We hold that the district court did not abuse its discretion in excluding the photograph and testimony. We therefore affirm.

**BACKGROUND**

{2}    A grand jury indicted Defendant on one count of criminal sexual penetration (CSP) of a minor under the age of thirteen, a first degree felony contrary to NMSA 1978, Section 30-9-11 (2009). The alleged incident that gave rise to the criminal proceedings against Defendant occurred during a birthday party at Victim's home for Victim's older brother. Defendant attended the party with his fiancee, who was a relative of Victim's mother. Victim, who was twelve years old at the time of the incident, testified at trial that she fell asleep on a couch in the living room at some point during the party. She testified that while she was partially asleep, Defendant approached her on the couch and asked her if she was "okay." She responded "yes" and Defendant proceeded to ask her the same question again twice. Victim testified that she then felt Defendant run his hand up her pant leg and that he then digitally penetrated her four times. Victim stated that she left the living room immediately

afterward and went upstairs, where she told her mother what had happened. A confrontation ensued between Defendant and Victim's parents, and the police were later called to the residence.

{3}     Defendant testified in his own defense at the trial. According to Defendant's version of the events that transpired, he had been drinking heavily at the party and was looking for a place to sleep when he went to the living room where Victim was sleeping. Once there, he noticed that Victim was sleeping with half of her body off of the couch and that she was squirming and moaning as if she was having a bad dream or was uncomfortable. Defendant testified that he asked her if she was okay and that he then put his right hand under Victim's legs, moved her back fully on to the couch, and rearranged her blanket. Defendant stated that this was the extent of his contact with Victim. He testified that almost immediately thereafter, Victim got up and left the room.

{4}     At trial, the jury was instructed on both CSP and CSCM, as a lesser-included offense on the CSP charge. The jury returned a guilty verdict for CSCM. This appeal followed.

**EXCLUSION OF PROFFERED EVIDENCE**

{5}     On appeal, Defendant argues that the district court improperly excluded (1) an online photograph of Victim in which she misrepresented her age and location, and

3

(2) Borrego's testimony as to Defendant's behavior around her daughters while he was drinking. We address the propriety of each of these evidentiary rulings in turn. "We examine the admission or exclusion of evidence for abuse of discretion, and the district court's determination will not be disturbed absent a clear abuse of discretion." *State v. Kent*, 2006-NMCA-134, ¶ 18, 140 N.M. 606, 145 P.3d 86. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted).

**Exclusion of Victim's Photograph**

{6}      During cross-examination of Victim, Defendant sought to admit a Facebook or Myspace photograph of Victim in which she represented herself to be eighteen years old and residing in Pennsylvania. The district court refused to admit the photograph after the State objected on grounds of relevancy. On appeal, Defendant summarily argues that the photograph should have been admitted because it challenged Victim's credibility and was therefore proper impeachment evidence under Rule 11-608(A) NMRA.

**{7}** We are not persuaded by Defendant's argument. Initially, we note that the photograph is not part of the record on appeal. As a result, Defendant's argument that the photograph challenged Victim's credibility because it "showed [Victim] in a less innocent light" than the photograph of Victim that was admitted at trial is entirely speculative. We will not set aside the district court's discretionary ruling based on mere speculation regarding the nature of a photograph that is not part of the record on appeal. *See State v. Jim*, 1988-NMCA-092, ¶ 3, 107 N.M. 779, 765 P.2d 195 (stating that "[i]t is [the] defendant's burden to bring up a record sufficient for review of the issues he raises on appeal").

**{8}** In addition, although Defendant contends that the photograph was admissible under Rule 11-608(A), he provides no analysis as to why the photograph was admissible under this rule. Rule 11-608(A) permits a party to attack or support a witness's credibility "by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character." The photograph was not testimony about either Victim's reputation for having a character for truthfulness or untruthfulness or an opinion about such character. Defendant's argument does not fall under Rule 11-608(A).

**{9}** We are not otherwise convinced by Defendant's generalized argument that the photograph was relevant to, and challenged, Victim's credibility. We observe that

prior to Defendant seeking admission of the photograph, Victim had already readily admitted during cross-examination that she misrepresented her age and her location on her Facebook and Myspace pages. And while the photograph itself was not admitted, the district court did permit Defendant to show the photograph to Victim during cross-examination and to ask her questions about the photograph and her reasons for lying about her age and location. In light of this testimony, the photograph would not have served to challenge Victim's credibility, but instead was offered to corroborate Victim's testimony. While "[t]he fact that a photograph is cumulative or repetitious does not, in and of itself, make it inadmissible[,]" the photograph should be "reasonably relevant to the issues of the case." *State v. Hutchinson*, 1983-NMSC-029, ¶ 41, 99 N.M. 616, 661 P.2d 1315. Here, however, we are not persuaded that the photograph was particularly relevant to the issues raised at trial. As the State points out on appeal, Defendant did not challenge Victim's age or the location where the alleged CSCM took place during the trial proceedings. Nor is there any indication that Defendant was aware of the photograph or of Victim's Facebook or Myspace pages at the time of the alleged incident. Thus, in light of Victim's admission that she had lied about her age and location online coupled with Defendant's failure to establish that the photograph was relevant to the issues raised at trial, we are unable to conclude

6

that the district court abused its discretion in declining to admit the photograph. We therefore affirm the district court on this issue.

**Exclusion of Borrego's Testimony**

{10} Defendant argues that the district court erred in excluding character evidence that he sought to introduce through the testimony of Borrego, a friend of Defendant's fiancee. According to Defendant's proffer, Borrego would have testified that Defendant was often around her three minor daughters, that Defendant and his fiancee had taken care of her daughters, that her daughters had spent the night at Defendant's home, and that she had never had any concerns regarding Defendant's behavior around her daughters. In addition, Borrego would have testified that she had not witnessed Defendant's behavior change when he had been drinking. The district court rejected Defendant's argument that the proffered testimony was pertinent evidence of Defendant's character under Rule 11-608 or Rule 11-404(A) NMRA.

{11} On appeal, Defendant contends that the excluded testimony was admissible as evidence of his good character under Rule 11-404(A)(2)(a) because it was "pertinent to how [Defendant] conducted himself around [Borrego's] young daughters, even when he was drunk." Because Defendant does not renew the argument he made below regarding the admissibility of Borrego's testimony under Rule 11-608, we limit our analysis of the admissibility of the proffered testimony to Rule 11-404.

**{12}** Rule 11-404 generally prohibits the admission of evidence of a person's character or character trait "to prove that on a particular occasion the person acted in accordance with the character or trait." Rule 11-404(A)(1). In criminal cases, however, an exception exists that allows a defendant to offer evidence of a pertinent trait of his or her own character. Rule 11-404(A)(2)(a). The methods of proving a defendant's pertinent character trait are governed by Rule 11-405 NMRA, which permits two manners of proof. In cases in which the "person's character or character trait is an essential element of a charge, claim, or defense," proof of the character or trait may be made by specific instances of that person's conduct. Rule 11-405(B). Character evidence can also be introduced if evidence of a pertinent trait is introduced in the form of reputation or opinion testimony. *See* Rule 11-404(A)(2)(a); Rule 11-405(A).

**{13}** Borrego's proffered testimony on behalf of Defendant as to how Defendant behaved when he was around her daughters in the past and his lack of behavioral changes when drinking was confined to the specific experiences Borrego had with Defendant. Under Rule 11-405(B), prior specific instances of conduct are admissible only when the "person's character or character trait is an essential element of a charge, claim, or defense[.]" Because Defendant's character or character traits are not

8

essential elements of the charge of CSCM, nor of a claim or defense at issue in this case, Borrego's proffered testimony is not admissible under Rule 11-405(B).

**{14}**     Defendant's only avenue for admission of Borrego's testimony as character evidence was as opinion or reputation evidence of a pertinent character trait under Rule 11-404(A)(2)(a) and Rule 11-405(A).  We note initially that some, but not all, jurisdictions have been willing to recognize the moral and safe treatment of children as a character trait under evidentiary rules similar to ours.  *See, e.g.*, *State v. Rhodes*, 200 P.3d 973, 976-77 (Ariz. Ct. App. 2008) ("[S]exual normalcy, or appropriateness in interacting with children, is [an admissible] character trait"); *State v. Anderson*, 686 P.2d 193, 204 (Mont. 1984) (holding that orthodox sexual mores admissible as character trait); *State v. Workman*, 471 N.E.2d 853, 861 (Ohio Ct. App. 1984) (holding that excellence with children establishing complete trust from them admissible as character trait); *Wheeler v. State*, 67 S.W.3d 879, 882-83 (Tex. Crim. App. 2002) (holding that safe and moral treatment of children and young girls admissible as character trait).  *But see Hendricks v. State*, 34 So. 3d 819, 822-23 (Fla. Dist. Ct. App. 2010) (stating character for sexual morality not admissible as character trait).  This Court has recently discussed whether the safe and moral treatment of children is a character trait admissible under Rule 11-404.  In *State v. Davis*, Chief Judge Kennedy, in dissent, concluded that "the safe and moral treatment of children

9

is a character trait admissible under Rule 11-404." No. 29,699, mem. op. ¶ 38 (N.M. Ct. App. May 30, 2012) (Kennedy, J., dissenting) (non-precedential), *cert. quashed*, 2012-NMCERT-008, 296 P.3d 491. This case does not place before us the question of whether the treatment of children can be an admissible character trait under our Rules of Evidence. In Defendant's proffer, Defendant did not ask Borrego her opinion of Defendant's character for the treatment of children, nor did Defendant proffer Borrego to speak for Defendant's reputation in the community. Instead, Defendant asked Borrego about her experiences with Defendant when he was with her children and also when drinking. Borrego's proffered testimony was not properly in the form of an opinion or evidence of reputation, and thus it was inadmissible under Rule 11-405(A). *See* Rule 11-405(A) (allowing character evidence otherwise admissible when in the form of an opinion or by testimony as to reputation). The district court did not err in excluding Borrego's testimony.

**CONCLUSION**

{15}    We affirm Defendant's conviction.

{16}    **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

10

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**LINDA M. VANZI, Judge**